ORIGINAL

FILED

2008 AUG 20  AM 9:49

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  GAIL E. LEES, SBN 90363
   GLees@gibsondunn.com
2  CHRISTOPHER CHORBA, SBN 216692
   CChorba@gibsondunn.com
3  BRYAN E. SMITH, SBN 239467
   BSmith@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, California 90071-3197
   Telephone: (213) 229-7000
6  Facsimile: (213) 229-7520

7  Attorneys for Defendant,
   GENERAL MILLS, INC.

8

9

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12                                    '08 CV 1532 L LSP

13  ERIN WRIGHT, individually and as      CASE NO. _____
    Class Representative of and for all those
14  similarly situated,                   CLASS ACTION  BY FAX

15              Plaintiff,                 DEFENDANT GENERAL MILLS,
                                           INC.'S NOTICE OF REMOVAL OF
16       v.                                ACTION PURSUANT TO 28 U.S.C.
                                           §§ 1332, 1441
17  GENERAL MILLS, INC., and DOES 1
    through 100,                           [San Diego Superior Court, Case No. 37-
18                                         2008-00054977-CU-BT-NC]
                Defendants.
19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND
2  HER COUNSEL OF RECORD:
3        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441,
4  Defendant General Mills, Inc. ("Defendant"), removes the state court action described
5  below to the United States District Court for the Southern District of California.
6  Defendant bases removal upon the following grounds:
7        1.    On June 4, 2008, Plaintiff Erin Wright ("Plaintiff") filed a class action
8  complaint against Defendant in the Superior Court of the State of California for San
9  Diego County.  The complaint is captioned *Erin Wright v. General Mills, Inc., et al.*,
10  (Case No. 37-2008-00054977-CU-BT-NC) ("Complaint"), and assigned to the Hon.
11  Michael B. Orfield in Department NC-28.  Plaintiff served a copy of the Complaint on
12  Defendant's registered agent on July 21, 2008.  A true and correct copy of the
13  Complaint, as well as the summons and other papers served by Plaintiff with this
14  pleading, are attached hereto as Exhibit A.
15        2.    Defendant has taken no action in the state court, and the state court has
16  not entered any orders in that action.
17        3.    This is a civil class action of which this Court has original jurisdiction
18  pursuant to 28 U.S.C. § 1332.  Defendant is authorized to remove this action to this
19  Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453.
20        4.    As set forth in greater detail below, this action satisfies each of the three
21  requirements for removal set forth in 28 U.S.C. § 1332(d):  (a) there are over 100
22  alleged class members in Plaintiff's proposed class (*id*. § 1332(d)(5)(B)); (b) the
23  combined alleged claims of all potential class members, in the aggregate, exceed
24  $5,000,000 (*id*. § 1332(d)(2)); and (c) the requisite diversity exists (*id*.
25  § 1332(d)(2)(A)).
26        5.    Pursuant to 28 U.S.C. § 1332(d)(5)(B), there are over 100 class members
27  in Plaintiff's proposed class.  Plaintiff seeks to represent a class of "[a]ll persons
28  residing in the State of California who purchased" the products at issue over the last

1

1   four years.  (Compl. ¶ 49.)  The Complaint represents that the proposed class "readily

2   exceeds over one thousand (1,000) persons." (*Id.* ¶ 55.)  Based on information and

3   belief, Defendant avers that there are more than 36 million residents in the State of

4   California.

5        6.        Defendant avers that the matter in controversy exceeds $5,000,000,

6   exclusive of interest and costs, for several reasons:

7             a.        Plaintiff contends that Defendant's alleged wrongful conduct "has

8   in turn caused Plaintiff and the Class to incur ***millions of dollars in losses.***" (Compl.

9   ¶¶ 6, 47 (emphasis added).)

10            b.        Plaintiff seeks restoration to Plaintiff and all class members of the

11  full purchase price products at issue and also prays for disgorgement of Defendant's

12  "ill-gotten gains." (*Id.* ¶¶ 73, 82, 90, 100, 128(F).)

13            c.        Defendant has sold well in excess of $10 million of these products

14  in California in the last four years.

15            d.        Plaintiff alleges an intent to amend her complaint to seek punitive

16  damages if Defendant does not correct the alleged wrongful conduct within thirty

17  days.  (*Id.* ¶ 127(c); *see, e.g., Yeroushalmi v. Blockbuster Inc.*, No. 05-2550, 2005 U.S.

18  Dist. LEXIS 39331, at *19 (C.D. Cal. July 11, 2005) (holding that "it is proper [under

19  Class Actions Fairness Act] to consider the cost of injunctive relief, potential punitive

20  damages, and attorney's fees").)

21            e.        Plaintiff seeks injunctive relief and amendments to the product

22  packaging. *See, e.g., Yeroushalmi*, 2005 U.S. Dist. LEXIS 39331, at *19; *Nelson v.*

23  *Bic USA, Inc.*, No. 07-2367, 2008 U.S. Dist. LEXIS 27366 (S.D. Cal. Apr. 1, 2008),

24  at *18-19, n.7 (because plaintiff sought primarily injunctive as opposed to monetary

25  relief, "the amount in controversy could permissibly be evaluated in consideration of

26  the other costs [defendant] is at risk of incurring should Plaintiff prevail on her

27  requests for equitable relief under disgorgement, injunctive, and other theories").

28

2

1            f.      Plaintiff's counsel seeks a recovery of its attorneys' fees pursuant

2    to Code of Civil Procedure §§ 1021.5 and 1032 (Compl. ¶¶ 127(e), 127(G)), and the

3    Ninth Circuit "ha[s] held that attorneys' fees [a]re properly included in the amount in

4    controversy in a class action" under the Class Actions Fairness Act of 2005. *See*

5    *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)

6    (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-43 (9th Cir. 2001)); *see also*

7    *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that

8    "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and

9    costs' and therefore includes attorneys' fees[,]" and that plaintiff sought attorneys'

10   fees pursuant to same state statutes cited here).

11           g.     Based on the potential size of the class, the average price of the

12   products at issue, and the number of products sold in California during the four-year

13   period upon which Plaintiff bases her class claims, Defendant avers that the amount in

14   controversy readily exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C.

15   § 1332(d)(2).[1]

16        7.     Finally, the requisite diversity exists pursuant to 28 U.S.C.

17   § 1332(d)(2)(A) because Plaintiff is a citizen of a state different from Defendant.

18   Plaintiff was at the time the Complaint was filed a California citizen and resident, and

19   Defendant is informed and believes that Plaintiff still is a citizen and resident of

20   California. (Compl. ¶ 17.) Defendant was at the time the Complaint was filed and

21   still is a Delaware corporation with its principal place of business in Minneapolis,

22

23

24   [1] Defendant disputes that Plaintiff is entitled to any relief. Of course, for purposes of the removal analysis, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). For purposes of removal, the Court accepts Plaintiff's theories. *Id.* (rejecting argument that defendant must produce evidence that plaintiff will actually recover more than jurisdictional amount, because "suits are removed on the pleadings, long before 'evidence' or 'proof' has been adduced"). "The jurisdictional requirement is satisfied if either party can gain or lose the jurisdictional amount." *Nelson v. Bic USA, Inc.*, No. 07-2367, 2008 U.S. Dist. LEXIS 27366, at *16 (S.D. Cal. Apr. 1, 2008).

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT GENERAL MILLS, INC.'S                               Case No. 08cv____
NOTICE OF REMOVAL

1   Minnesota. (*Id.* ¶ 13.) Defendant was at the time the Complaint was filed and is still a

2   citizen and resident of Minnesota. *See* 28 U.S.C. § 1332(c) (for purposes of

3   Sections 1332 and 1441, "a corporation shall be deemed to be a citizen of any State by

4   which it has been incorporated and of the State where it has its principal place of

5   business"). At no time has Defendant ever been a citizen or resident of California.

6     8. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and other papers

7   received by Defendant in the state court action, including the Complaint, are attached

8   to this Notice as Exhibit A.

9     9. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)

10  because it is filed within thirty days of the defendant's receipt of the initial pleading.

11  Defendant received the Complaint when it was served via its registered agent on

12  July 21, 2008. Defendant files this Notice of Removal on August 20, 2008, within the

13  thirty-day deadline provided by 28 U.S.C. § 1446(b).

14    10. Defendant will promptly give notice of this Notice to Plaintiff and will

15  file a copy of this notice with the clerk of the San Diego County Superior Court

16  pursuant to 28 U.S.C. § 1446(d).

17    **<u>NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 40.1</u>**

18    11. Pursuant to Civil Local Rule 40.1, Defendant provides the following

19  notice regarding related cases: Defendant is unaware of any related cases before the

20  District Court for the Southern District of California.

21

22

23

24

25

26

27

28

4

1      WHEREFORE Defendant removes the original action brought by Plaintiff now

2 pending in the San Diego County Superior Court from the San Diego County Superior

3 Court to the United States District Court for the Southern District of California.

4

5 DATED: August 20, 2008           GIBSON, DUNN & CRUTCHER LLP

6                                   GAIL E. LEES
CHRISTOPHER CHORBA

7                                   BRYAN E. SMITH

8

9                          By: _____
GAIL E. LEES

10

11                          Attorneys for Defendant,
GENERAL MILLS, INC.

100503014_1.DOC

5

DEFENDANT GENERAL MILLS, INC.'S
NOTICE OF REMOVAL

Case No. 08cv____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF EXHIBITS

**Page(s)**

1. Exhibit A: Complaint............................................................................7-33

Gibson, Dunn &
Crutcher LLP

DEFENDANT GENERAL MILLS, INC.'S                                    Case No. 08cv____
NOTICE OF REMOVAL

Aug 20 08 01:18a     Al Cade                          5403713042                    p.2

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: TREVOR GUNDERSON                                 SOP Transmittal # CA60066
    GENERAL MILLS, INC.
    NUMBER ONE GENERAL MILLS BOULEVARD               (800) 767-1553 - Telephone
    MINNEAPOLIS, MN 55426-                            (609) 716-0820 - Fax

Defendant: GENERAL MILLS. INC.
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of    CALIFORNIA    on this  21  day of    July    ,  2008  . The following is a summary of the document(s) received:

1.    **Title of Action:** Erin Wright v. General Mills, Inc., et al.

2.    **Document(s) served:**

      **x** Summons              __ Subpoena                    __ Injunction
      **x** Complaint            __ Third Party Complaint        __ Notice of
      __ Petition                **x** Demand for Jury Trial     __ Mechanics Lien
      __ Garnishment             __ Default Judgement            **x** Other: Class Action Complaint

3.    **Court of Jurisdiction/**   San Diego County Superior Court, North County Division, Vista Regional Center
      **Case & Docket Number:** 37-2008-00054977-CU-BT-NC

4.    **Amount Claimed, if any:** Please See Attached

5.    **Method of Service (select one):**
      **x** Personally served by:   **x** Process Server    __ Deputy Sheriff    __ U.S Marshall
      __ Delivered Via:             __ Certified Mail       __ Regular Mail      __ Facsimile
                                    (Envelope enclosed)     (Envelope enclosed)

      __ Other (Explain):

6.    **Date and Time of Service:** 7/21/2008 4:27:15 PM PST (GMT -8)

7.    **Appearance/Answer Date:** 30 Days

8.    **Plaintiff's Attorney:**    Brett L. Rosenthal, Esq.        9.  **Federal Express Airbill #** 790548436464
      (Name, Address & Telephone Number)  McNulty Law Firm
                                    827 Moraga Drive               10. **Call Made to:** Not required
                                    Los Angeles, CA 90049
                                    (310) 472-7014

11.   **Special Comments:**


NATIONAL REGISTERED AGENTS, INC.                     **Copies To:**


Transmitted by: Dena LaPorta

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

### ACKNOWLEDGEMENT COPY - INITIAL AND RETURN TO NRAI

PAGE 2/2 * RCVD AT 8/19/2008 10:15:34 PM [Pacific Daylight Time] * SVR:LA_FAX01/0 * DNIS:6396 * CSID:5403713042 * DURATION (mm-ss):01-32

7

EXHIBIT A

1   McNULTY LAW FIRM
    Peter J. McNulty, Esq. SBN 89660
2   Brett L. Rosenthal, Esq. SBN 230154
    827 Moraga Drive
3   Los Angeles, CA 90049
    Telephone: 310.471.2707
4   Facsimile: 310.472.7014

5   Attorneys for Plaintiff Erin Wright,
    Individually and as Class Representative
6   of and for all those similarly situated

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         COUNTY OF SAN DIEGO

9

10  ERIN WRIGHT, individually and as Class      CASE NO.    37-2008-00054977-CU-BT-NC
    Representative of and for all those similarly
11  situated,                                    CLASS ACTION COMPLAINT FOR
                                                 VIOLATIONS OF:
12              Plaintiff,
                                                 1.  CALIFORNIA BUSINESS AND
13              vs.                                   PROFESSIONS CODE §§ 17200, et
                                                     seq.,
14  GENERAL MILLS, INC., and DOES 1             2.  CALIFORNIA BUSINESS AND
    through 100;                                    PROFESSIONS CODE §§ 17500, et
15                                                   seq., and
                Defendants.                      3.  THE CONSUMERS LEGAL
16                                                   REMEDIES ACT ("CLRA") CIVIL
                                                     CODE §§ 1750, et seq.
17
                                                 Request for a Jury Trial of all Issues Triable
18                                               by a Jury
19
20
21                            **COMPLAINT**

22      COMES NOW the Plaintiff, Erin Wright, on behalf of herself and all other similarly situated

23  individuals residing within the boundaries of the State of California, by and through the undersigned

24  counsel of record, and hereby brings this Class Action Complaint against Defendant, GENERAL

25  MILLS, INC. (hereinafter "GENERAL MILLS" or the "Defendant").

26
27  ///
28  ///

                              - 1 -
                     CLASS ACTION COMPLAINT



## I. NATURE OF ACTION

1.    This is a class action pursuant to California's Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.* ("UCL"), California's False Advertising Law Business and Professions Code §§ 17500, *et seq.* ( "FAL")and The Consumers Legal Remedies Act Civil Code § 1750, *et seq.* ("CLRA"), against Defendant GENERAL MILLS for its marketing, advertising, promotion and sales of "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products as "100% Natural" when these products contain one or more non-natural or artificial ingredient, such as High Fructose Corn Syrup ("HFCS").

2.    The term "100% Natural" and similar terms are regularly used by manufacturers, such as the Defendant, to describe a product that does not have any chemically altered or man-made ingredients. These terms are used to convey the message that the product at issue is a healthier choice than competing products that contain processed ingredients, and that this product is superior and is even worth a premium price because of that benefit.

3.    However, HFCS is a highly processed sugar substitute that does not exist in nature and is not "100% Natural." The use by GENERAL MILLS of the term "100% Natural" to describe its "Nature Valley" crunchy granola bar products and its "Nature Valley" chewy-trail-mix bar products when, in fact, the products are not, is unfairly misleading, inaccurate, deceptive and unlawful.

4.    Defendant's actions in describing these products as "100% Natural" was designed to induce consumers, such as the Plaintiff and the members of the putative Class, into believing that the product being described does not contain chemically altered or man-made ingredients and, therefore, that the product is a more healthy choice than competing products.

5.    As a direct result of its misleading, deceptive, untrue advertising and its unlawful, unfair and fraudulent business practices related to the "100% Natural" products listed above, Defendant caused

- 2 -

CLASS ACTION COMPLAINT

Plaintiff and other members of the Class to purchase, purchase more of, or pay more for, these Nature Valley products.

6.    Plaintiff and the members of the putative Class would have made different purchasing decisions had they known that the Defendant's "100% Natural" products contained one or more non-natural or artificial ingredient(s), such as High Fructose Corn Syrup, which has in turn caused Plaintiff and the Class to incur millions of dollars in losses.

7.    Common sense dictates that the use of the term "100% natural" should be limited to those products that contain NO artificial and/or synthetic ingredients and/or consist entirely of ingredients that are only minimally processed, at best.

8.    However, GENERAL MILLS has and continues to deceptively use the term "100% Natural" to describe its "Nature Valley" crunchy granola bar products and its "Nature Valley" chewy-trail-mix bar products when they actually contain ingredients that have been chemically altered from their natural state and, therefore, cannot be considered "100% Natural".

9.    Thus, use by GENERAL MILLS of the term "100% Natural" to describe its "Nature Valley" crunchy granola bar products and its "Nature Valley" chewy-trail-mix bar products creates consumer confusion, is deceptive, and detrimentally effects competing products that are "100% Natural" (i.e., naturally produced or contain ONLY ingredients that are chemically unchanged from their natural state).

## II. PARTIES

10.    Plaintiff is over the age of nineteen (19) years of age. Plaintiff is filing this claim on behalf of herself and all residents throughout the State of California who purchased a GENERAL MILLS "Nature Valley" crunchy granola bar products and its "Nature Valley" chewy-trail-mix bar products within the "Class Period" as defined herein, that was marketed, advertised, promoted, and/or sold as

- 3 -

CLASS ACTION COMPLAINT

10

1   "100% Natural" but which contain one or more non-natural or artificial ingredient(s), such as High

2   Fructose Corn Syrup.

3   11.    Specifically excluded from the class is any entity in which Defendant GENERAL MILLS has

4   a controlling interest, and any and all officers, directors, employees, affiliates, subsidiaries, legal

5   representatives, heirs, successors, and/or assigns of any such entity, together with any immediate

6

7   family member of any officer, director or employee of said companies.

8   12.    Also excluded from the Class is any Judge or Magistrate presiding over this Action and

9   members of their immediate families, and any counsel for any Defendant, counsel's staff, and/or

10  immediate families.

11  13.    Defendant General Mills, Inc., ("GENERAL MILLS") is a Delaware corporation/company

12  with its principal place of business located in Minneapolis, Minnesota.    GENERAL MILLS

13  develops, manufactures, promotes, distributes, and sells packaged "Nature Valley" crunchy granola

14  bar products and "Nature Valley" chewy-trail-mix bar products throughout the State of California.

15

16  Defendant GENERAL MILLS representative for service of process in the State of California is as

17  follows:

18                  NATIONAL REGISTERED AGENTS, IN C.
19                  2030 MAIN STREET SUITE 1030
                     IRVINE, CA 92614
20

21  14.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the

22  Defendants designated herein as DOES 1 through 100, inclusive, are presently unknown to Plaintiff,

23  who, therefore, sue said Defendants by such fictitious names.  Plaintiffs are informed and believe,

24  and thereupon allege, that each of the Defendants designated herein as a "Doe" is legally responsible

25  for the events and happenings hereinafter referred to, and proximately caused or contributed to the

26

27  injuries and damages as hereinafter described.  Based upon information and belief, DOES 1 through

28  100 are any other companies who manufactured, sold, marketed and/or advertised for sale the

- 4 -

CLASS ACTION COMPLAINT

"Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products throughout the State of California to the class as hereinafter described. Plaintiffs will seek leave of the Court to amend this complaint, in order to show the true names and capacities of such parties, when each has been ascertained.

15.     At all times herein mentioned, each of the Defendants was the agent, partner, joint venture and/or employee of the remaining Defendants, and was acting within the course and scope of such agency, partnership, joint venture, and/or employment. Furthermore, in engaging in the conduct described below, the Defendants were all acting with the knowledge, consent, approval, and/or ratification of their co-Defendants.

## III. JURISDICTION AND VENUE

16.     Jurisdiction and venue are proper in this Court.

17.     Plaintiff is a resident citizen of the State of California, is a resident citizen of this Judicial Circuit, and the acts, events, and conduct complained of herein occurred in substantial part within this Judicial District. Defendant has substantial operations and/or does significant business within this Judicial District and is, therefore, subject to personal jurisdiction in this Judicial District.

18.     Plaintiff is a "consumer" and a "real party in interest" as required to bring this action and as set out in Civil Code § 1780(a). Moreover, Plaintiff suffered damage and injury as a result of Defendant conduct as alleged above.

19.     Plaintiff and the members of the putative Class respectfully represent that they have injuries suffered damages common to all of those similarly situated, and they specifically disclaim any cause of action based in any way upon federal law, whether pursuant to federal statute, federal common law, or the Constitution of the United States of America, basing their causes of action solely and exclusively upon statutes and the common law of the State of California.

/ / /

- 5 -

CLASS ACTION COMPLAINT

12

## IV. <u>FACTS</u>

20.     This Class Action seeks redress for GENERAL MILLS deliberate and unlawful misbranding of "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products as being "100% Natural" when, in fact, the product(s) contain at least one (1) non-natural ingredient.

21.     GENERAL MILLS is in the business of producing and marketing food and beverage products to the general public throughout the United States including the State of California.

22.     Upon information and belief, GENERAL MILLS entered the crunchy granola bar market in 1975.  Ultimately, GENERAL MILLS developed and began marketing "100% Natural" "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products.

23.     The label on each box of "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products prominently displays the words "100% Natural".

24.     GENERAL MILLS has marketed these products on its website, www.generalmills.com, as "a 100 percent natural source of energy to fuel consumers' healthy, active lifestyles."

25.     GENERAL MILLS website has further described its "Nature Valley" crunchy granola bar products as follows:

> ... "made with pure and simple ingredients.  When you want a natural snack for your healthy, active outdoor lifestyle, reach for the great taste and whole-grain goodness of Nature Valley crunchy granola bars."

26.     Similarly, GENERAL MILLS website describes its "Nature Valley" chewy-trial-mix products as follows:

> ... "Nature Valley Chewy Trail Mix Crunchy granola bars are one thing you don't want to leave behind.  They ... are made from 100% natural ingredients ... "

27.     However, these products are not "100% natural" because they contain a highly processed sugar substitute know as High Fructose Corn Syrup (hereinafter "HFCS").

28.     HFCS does not exist in nature and is a man-made sweetener.

- 6 -

CLASS ACTION COMPLAINT

13

29.    Therefore, to describe, label, advertise, and promote HCFS as a "Natural," "All Natural" or "100% Natural" ingredient is deceptive and unfair to consumers and competitors.

30.    HFSC is created from cornstarch, as opposed to sugar (sucrose), which is produced from sugar cane or sugar beets. HFCS is produced by processing cornstarch to yield glucose, and then processing a significant portion of the glucose to produce fructose. Acids or enzymes are needed to break down cornstarch, which is composed of long chains of glucose molecules, into glucose and then, partially into fructose.

31.    First, the cornstarch is treated with an enzyme, alpha-amylase, to produce shorter chains of sugars called polysaccharides. Alpha-amylase is industrially produced by a bacterium, usually Bacillus sp. The enzyme is purified and then shipped to HFCS manufacturers.

32.    Second, an enzyme called glucoamylase breaks the sugar chains down even further to yield glucose. Unlike alpha-amylase, glucoamylase is produced industrially by Aspergillus, a fungus. (Acids may be used by some companies instead of alpha-amylase and glycoamylase)

33.    The third enzyme, glucose-isomerase, converts glucose to a mixture of about forty-two percent (42%) fructose and fifty to fifty-two percent (50% to 52%) glucose, with some other sugars (or short polymers of glucose) mixed in. While alpha amylase and glucoamylase are added directly to the slurry, pricey glucose-isomerase is packed into columns and the sugar mixture is then passed over it. The sweet liquid with forty-two percent (42%) fructose is used as HFCS 42 in some applications.

34.    If the end user wants a higher percentage of fructose in its HFCS, two additional steps are necessary. First, a liquid chromatography step takes the mixture to ninety-percent (90%) fructose. Second, the ninety-percent (90%) mixture is back-blended with the original mixture to yield a final concentration of about fifty-five (55%) fructose. This mixture is what the industry commonly refers to as HFCS 55, and is the industry standard.

- 7 -

CLASS ACTION COMPLAINT

14



35.    Isomerization to create HFCS generally takes place in large, backed-bed reactors.  These are cylindrical columns designed to give good flow distribution and flow control.  Isomerization of dextrose to fructose is a thermodynamically controlled reaction.

36.    The process described herein above does <u>NOT</u> otherwise occur in nature.  Indeed, the process used to create HFCS has only been in existence for the last 50 years.

37.    Furthermore, the molecules in HFCS, and in the Defendant' "100% Natural" "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products were not extracted from natural sources, but created through enzymatically catalyzed chemical reactions in factories.

38.    Once the complicated process for creating HFCS is understood, it is clear why describing products that contain HFCS as "100% Natural" is misleading and deceptive.

39.    HFCS is a man-made product and its use in the Defendant' "100% Natural" "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products is misleading to the general public, consumers of the products, and the present Plaintiff.

40.    GENERAL MILLS is telling the general, consuming public of the State of California that "100% Natural" "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products are "100% natural" when they are not.

41.    This action does not challenge GENERAL MILLS' use of HFCS in its products, nor does this action allege that HFCS has any adverse health effects.  This action only challenges use of the phrase "100% natural" to describe, promote, market, and sell products that contain the non-natural, man-made, synthetic sugar substitute, HFCS.

42.    GENERAL MILLS produces, markets, promotes, and sells "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products that are deceptively labeled as "100% natural" but contain HFCS.  GERERAL MILLS does not mention that these products contain

- 8 -

CLASS ACTION COMPLAINT

15

HFCS except in hard-to-read type in the "ingredients" statement on the reverse/rear side of the product container. This is despite the fact that HFCS is a primary ingredient in each such product.

43.    GENERAL MILLS is intentionally and purposely manipulating the labeling of certain of its products in violation of the law and with the specific intent of misrepresenting said "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products are "100% Natural" when they are clearly not. Such conduct is in direct violation of California consumer protection laws in that such conduct constitutes a deceptive and unfair trade practice.

44.    Plaintiff purchased GENERAL MILLS "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products expecting a healthy food product. Plaintiff was attracted to GENERAL MILLS' products because the label indicated that the "Nature Valley" crunchy granola bar products and its "Nature Valley" chewy-trail-mix bar products were made from "100% natural" ingredients.

45.    Plaintiff reasonably believed that "100% natural" labeled products contain ingredients found in nature or, at least, ingredients minimally processed from things found in nature. Plaintiff does not consider HFCS to be a "natural" ingredient.

46.    Plaintiff relied on the "100% Natural" ingredient representation to his detriment. Only after Plaintiff purchased and consumed the products did he learn that the products actually contained HFCS, an artificial ingredient.

47.    Plaintiff and the members of the putative Class would have made different purchasing decisions had they known that the Defendant's "100% Natural" products contained one or more non-natural or artificial ingredient(s), such as High Fructose Corn Syrup, which has in turn caused Plaintiff and the Class to incur millions of dollars in losses.

48.    Plaintiff bargained for and paid for a "100% Natural" product, but instead received a product with a non-natural, man-made, artificial ingredient, HFCS, which had no value or benefit to him.

- 9 -
**CLASS ACTION COMPLAINT**

16

## V.  CLASS ACTION ALLEGATIONS

49.    Plaintiff brings this action as a class action pursuant to California Civil Code §1780, *et seq.*, on his own behalf, and on the behalf of all others similarly situated, with the Class being defined as follows:

> All persons residing in the State of California who purchased
> GENERAL MILLS, INC., "Nature Valley" crunchy granola bar
> products or "Nature Valley" chewy-trail-mix bar products marketed,
> advertised, promoted, labeled and sold as "100% Natural," but that
> contained HFCS and/or other unnatural ingredients, during the
> "Class Period"

50.    Specifically excluded from the Class is any entity in which GENERAL MILLS, INC., has a controlling interest, and any and all officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors, and/or assigns of any such entity, together with any immediate family member of any officer, director or employee of said companies.

51.    Also excluded from the Class is any Judge or Magistrate presiding over this Action and members of their immediate families, and any counsel for any Defendant, counsel's staff, and/or immediate families.

52.    The "Class Period" is defined as being the four (4) years immediately preceding the filing of this action.

53.    A class action is maintainable under California Rules of Civil Procedure, because Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making final injunctive relief and declaratory relief appropriate with respect to the Class as a whole.

54.    Alternatively, a class action is maintainable under California Civil Code Section 1780, *et seq.*, because common questions predominate over any questions affecting individual members of the Class, and litigation as a class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

CLASS ACTION COMPLAINT

17




55.    While the exact number of Class members for each respective Class is presently unknown to the Plaintiff, and can only be ascertained through appropriate discovery. Plaintiff believes the members of the Class readily exceeds over one thousand (1,000) persons.

56.    The claims of the Plaintiff and the Class raise questions of law and fact that are common to all members and which predominate over any questions solely affecting individual members of the Class. Among questions of law and fact common to the Class:

   a.    Whether Defendant misrepresents the ingredients, characteristics or other aspects of its "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products;

   b.    Whether Defendant mislabels its "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products;

   c.    Whether Defendant's misrepresentations are unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 et seq.;

   d.    Whether Defendant's mislabeling of its "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products constitutes unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 et seq.;

   e.    Whether Defendant's mislabeling of its "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products is unlawful, unfair or fraudulent under California Business and Professions Code § 17200, et seq.;

   f.    Whether Defendant's misrepresentations are unlawful, unfair or fraudulent under California Business and Professions Code § 17200, et seq.;

- 11 -

CLASS ACTION COMPLAINT





g.   Whether Defendant knew, or by the exercise of reasonable care should have known, that its misrepresentations and mislabeling of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products was untrue or would be misleading to a reasonable consumer;

h.   Whether Defendant knowingly and intentionally concealed from Plaintiff and the members of the Class that its "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products were mislabeled and that the ingredients were misrepresented;

i.   Whether Defendant engaged in unfair and deceptive conduct in a violation of California Civil Code section 1750, et seq.

j.   Whether Defendant engaged in unfair and deceptive conduct in a violation of California Civil Code section 1770(a)(5) which prohibits: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

k.   Whether Defendant engaged in unfair and deceptive conduct in violation of California Civil Code section 1770(a)(7) which prohibits: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

l.   Whether Plaintiff and the members of the proposed Class have been injured or suffered losses and, if so, the extent of their injury or loss;

m.   Whether Defendant should be enjoined from engaging in the conduct complained of herein; and,

- 12 -

CLASS ACTION COMPLAINT

19



n.    Whether Defendant has been unjustly enriched through the wrongful conduct set forth herein.

57.    Plaintiff's claims as representative of the Class are typical of the claims of the absent class members.  Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation as her counsel.

58.    The prosecution of individual actions by members of the Class would create the risk of: (1) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant; and (2) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

58.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the advertising, marketing and labeling of Defendant's "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products.

59.    Plaintiff avers that the prerequisites for class action treatment apply to this action and that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversies which are the subject of this action.

60.    Plaintiff further states that the interests of judicial economy will be served by concentrating litigation concerning these claims in this Court, and that the management of the proposed Class will not be difficult.

## VI. <u>FIRST CAUSE OF ACTION</u>

(Business and Professions Code § 17500, *et seq.* - Misleading and Deceptive Advertising)

61.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

- 13 -

CLASS ACTION COMPLAINT

62.     Plaintiff asserts this cause of action for violations of California Business and Professions Code §17500, *et seq.* for misleading and deceptive advertising against Defendant.

63.     At all material times, Defendant has engaged in a scheme of offering for sale "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products to Plaintiff and other members of the Class, by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements, and other promotional materials. The "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products actually contain HFCS, an artificial and manmade ingredient.

64.     Said labeling and other inducements were made within the State of California and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq.* in that such promotional materials and product labeling are intended as inducements to purchase the products and are statements disseminated by Defendant to Plaintiff and the members of the Class and are intended to reach these consumers.

66.     Defendant knew, or in the exercise of reasonable care should have known, that these statements would be misleading and deceptive to the reasonable consumer.

67.     In furtherance of said plan and scheme, Defendant has manufactured and distributed within the State of California via the World Wide Web (Internet), product packaging and labeling, commercial advertisements and other promotional materials, statements that falsely advertise the true nature of their "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as being "100% Natural."

68.     The "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products contain an artificial man-made sweetener, HFCS.

69.     Consumers, including Plaintiff and the members of the Class necessarily and reasonably relied on the label and other marketing materials for these products.

70.     Consumers, including Plaintiff and the members of the Class were among the intended targets of these representations and statements.

71.     The above acts of Defendant, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Plaintiff

- 14 -

CLASS ACTION COMPLAINT

21

1   and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiff

2   and other members of the Class by obfuscating the nature of the ingredients of the "Nature Valley"

3   crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products, all in violation of

4   the "misleading prong" of California Business and Professions Code § 17500, et seq.

5   72.   As a result of the above violations of the misleading prong of Business and Professions

6   Code § 17500, et seq., Defendant has been unjustly enriched at the expense of Plaintiff and the

7   other members of the Class.

8   73.   Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17535,

9   are entitled to an order of this Court enjoining such future wrongful conduct on the part of

10  Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's

11  ill-gotten gains and restore to any person in interest any money paid for the "100% Natural"

12  "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as

13  a result of the wrongful conduct of Defendant.

14  74.   WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set

15  forth below.

16  ### VII.   SECOND CAUSE OF ACTION

17  (Business and Professions Code § 17500, et seq. - Untrue Advertising)

18  75.   Plaintiff repeats each and every allegation contained in the paragraphs above and

19  incorporates such allegations by reference therein.

20  76.   Plaintiff asserts this cause of action for violations of California Business and Professions

21  Code § 17500, et seq. for untrue advertising against Defendant.

22  77.   At all material times, Defendant has engaged in a scheme of offering for sale "Nature

23  Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products to Plaintiff

24  and the other members of the Class, by way of, inter alia, the World Wide Web (Internet), product

25  packaging and labeling, commercial advertisements and other promotional materials.

26  78.   The "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar

27  products contain an artificial man-made sweetener, HFCS.

28

- 15 -

CLASS ACTION COMPLAINT

79.    Consumers, including Plaintiff and the members of the Class, necessarily and reasonably relied on the label and other marketing materials for these products.

80.    Consumers, including Plaintiff and the members of the Class, were among the intended targets of these representations and statements.

81.    The above acts of Defendant, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Class by obfuscating the nature of the ingredients of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products, all in violation of the "untrue" prong of California Business and Professions Code §17500, *et seq.*

82.    Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as a result of the wrongful conduct of Defendant.

83.    WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

### VIII.    THIRD CAUSE OF ACTION

(Business and Professions Code § 17200, *et seq.* - Unlawful Business Acts and Practices)

84.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

85.    Such acts of Defendant, as described above, and each of them, constitute unlawful business acts and practices.

86.    In this regard, manufacturing, marketing, advertising, selling and distributing the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as "100% Natural" when, in fact, they contain HFCS, is unlawful.

- 16 -

CLASS ACTION COMPLAINT

87.   The business practices alleged above are unlawful under the Consumers Legal Remedy Act, Cal. Civ. Code §1750, et seq. ("CLRA"), which also forbids deceptive advertising, among other things.

88.   The business practices alleged above are unlawful under Business and Professions Code §17200, et seq. by virtue of violating Business and Professions Code §17500, et seq., which forbids untrue advertising and misleading advertising.

89.   The business practices alleged above are also unlawful as a breach of an express warranty under California Commercial Code § 2313; and, breach of implied warranty of fitness for a particular purpose under California Commercial Code § 2315.

90.   As a result of the wrongful business practices described above, Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as a result of the wrongful conduct of Defendant.

91.   The above-described unlawful business acts and practices of Defendant present a reasonable likelihood of deception to Plaintiff and members of the Class in that Defendant has systematically perpetrated and continues to perpetrate such acts or practices upon members of the Class by means of misleading advertising and marketing.

92.   WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

## IX.   **FOURTH CAUSE OF ACTION**

(Business and Professions Code § 17200, et seq. - Unfair Business Acts and Practices)

93.   Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

94.   Such acts of Defendant, as described above, and each of them, constitute unfair business acts and practices.

- 17 -

CLASS ACTION COMPLAINT

95.    Plaintiff, and other members of the Class who purchased any of the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products suffered a substantial injury by virtue of buying a product they would not have purchased absent Defendant's unfair advertising, by virtue of buying more of these products they would have absent Defendant's unfair advertising, or by paying more for these products than they would have absent the Defendant's unfair advertising.

96.    There is no benefit to consumers or competition by falsely advertising these products. Indeed, the harm to consumers and competition is substantial.

97.    Plaintiff and other members of the Class who purchased any of the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products had no way of reasonably knowing that Defendant's products were not "100% Natural", as labeled and otherwise advertised.

98.    Thus, these consumers could not have reasonably avoided the injury each of them suffered.

99.    The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and is immoral, unethical, unscrupulous, offends established public policy or is substantially injurious to Plaintiff and other members of the Class.

100.    As a result of the business acts and practices described above, Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as a result of the wrongful conduct of Defendant.

101.    WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

/ / /

/ / /

/ / /

- 18 -

CLASS ACTION COMPLAINT

25

## X. FIFTH CAUSE OF ACTION

(Business and Professions Code § 17200, *et seq.* - Fraudulent Business Acts and Practices)

102.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

103.    Such acts of Defendant as described above, and each of them, constitute fraudulent business practices under California Business and Professions Code sections § 17200, *et seq.*

104.    As more fully described above, the labeling of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products is likely to deceive reasonable California purchasers, such as the Plaintiff and the members of the Class.

105.    Indeed, Plaintiff and other members of the Class were unquestionably deceived into believing the products they purchased were "100% Natural", when in fact, they contained an artificial ingredient, HFCS.

106.    Said acts are fraudulent business acts and practices.

107.    This fraud and deception caused Plaintiff and members of the Class to purchase "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products and Plaintiff and the members of the Class suffered a substantial injury by virtue of buying a product they would not have purchased absent Defendant's unfair advertising, by virtue of buying more of these products they would have absent Defendant's unfair advertising, or by paying more for these products than they would have absent the Defendant's unfair advertising.

108.    As a result of the business acts and practices described above, Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products at issue as a result of the wrongful conduct of Defendant.

109.    WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

/ / /

- 19 -

CLASS ACTION COMPLAINT

26

## XI. SIXTH CAUSE OF ACTION

(California Civil Code § 1750, *et seq.* - The Consumers Legal Remedies Act)

(Injunctive and Declarative Relief Only)

110.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

111.    Plaintiff brings this action pursuant to California's Consumer Legal Remedies Act ("CLRA") California Civil Code § 1750, *et seq.*

112.    The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

113.    At this time, Plaintiff, for herself and on behalf of the members of the Class, seeks only injunctive relief under the CLRA.

114.    By this action, Plaintiff seeks to enjoin the unfair, unlawful, and deceptive acts and conduct of the Defendant as more fully described above.

115.    The "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products at issue are "goods" as defined by the CLRA in California Civil Code § 1761(a).

116.    Defendant is a "person" as defined by the CLRA in California Civil Code § 1761(c).

117.    Plaintiff and the members of the Class are "consumers" as defined by the CLRA in California Civil Code § 1761(d).

118.    The buying of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products by Plaintiff and the members of the Class are "transactions" as defined by California Civil Code § 1761(e).

119.    The mislabeling of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products is prohibited pursuant to the CLRA, since they are "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

120.    Defendant engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the "Nature Valley" crunchy granola bar products or

- 20 -

27

"Nature Valley" chewy-trail-mix bar products as "100% Natural" when in fact these products contain HFCS, an artificial ingredient that does not naturally occur.

121.    This unfair and deceptive conduct is a violation of California Civil Code § 1770(a)(5), which prohibits "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

122.    This unfair and deceptive conduct is also a violation of California Civil Code § 1770(a)(7) which prohibits: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

123.    The Defendant's unfair and deceptive acts and conduct have violated, and continue to violate, California's Consumers Legal Remedies Act, Civil Code § 1750, et seq., because they extend to transactions that are intended to result, or have resulted, in the sale or lease of goods or services to consumers, including the Plaintiff and the members of the Class.

124.    As a direct and proximate cause of Defendant's unfair and deceptive acts or practices, Plaintiff and the members of the Class have suffered damages in that they purchased misbranded products they would not have bought, purchased more of these products than they would otherwise have bought, or that they paid more for these products than they would have if these products had been honestly advertised and labeled.

125.    Plaintiff and the members of the Class seek the following relief under the CLRA for the unfair and deceptive acts and conduct of the Defendant:

    a.    Preliminary and permanent injunctive relief against the Defendant's unfair and deceptive acts and conduct.

126.    In addition, contemporaneously with the filing of this action, Plaintiff served the Defendant, by certified mail return receipt requested, with notice and demand to correct, repair, replace or otherwise rectify the unlawful, unfair, false and deceptive practices complained of herein, as required by the CLRA in California Civil Code § 1782.

- 21 -

CLASS ACTION COMPLAINT



127.    If Defendant fails to do so within thirty (30) days of that demand, Plaintiff will amend this complaint to seek the following relief, for herself and for the Class, as allowed under California Civil Code § 1780:

        a.        Actual damages of not less than One Thousand Dollars ($1,000).

        b.        Restitution.

        c.        Punitive damages.

        d.        Costs of the action.

        e.        Reasonable attorneys' fees, pursuant to California Civil Code § 1780(d).

        f.        Any other relief which the Court deems proper.

## XII. RELIEF DEMANDED

128.    For herself, and for the Class she seeks to represent, Plaintiff asks for the following relief:

A.    An Order certifying that the action may be maintained as a class action;

B.    An Order that the Plaintiff may serve as representative of the Class;

C.    For a preliminary and permanent injunction enjoining Defendant from advertising, representing, or otherwise holding out for sale within the State of California, any products which contain HFCS as being "100% Natural";

D.    An Order requiring Defendant to provide a form of corrective advertising designed to correct the misrepresentations, misstatements and omissions made in the marketing, advertising, packaging and other promotional materials related to its "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products;

E.    For a judgment of the Court to restore, by way of restitution, refund or reimbursement, to any person in interest, any money acquired by means of Defendant's untrue, deceptive or misleading advertising and/or unfair, unlawful or fraudulent business acts and practices described herein;

F.    Disgorgement of the excessive and ill-gotten monies obtained by Defendant as a result of the untrue and misleading advertising and unlawful, unfair or fraudulent business acts and practices described herein;

- 22 -

CLASS ACTION COMPLAINT



1  G.    For an award of attorney fees pursuant to, *inter aliu*, Code of Civil Procedure §§ 1021.5 and
2  1032;

3  H.    For costs of suit herein incurred pursuant to Code of Civil Procedure § 1033.5;

4  I.    Pre and post-judgment interest; and/or

5  J.    For such other and further relief as this Court deems appropriate or which is allowed for in
6  law or equity.

7

8  Dated: June 3. 2008                    McNULTY LAW FIRM

9                                         By: _____

10                                        Peter J. McNulty (89660)
11                                        Brett L. Rosenthal (230154)
                                          Attorneys for Plaintiff and the Class
12

13  **ADDITIONAL PLAINTIFF'S COUNSEL**

14  **ANGWIN LAW FIRM**
    Edward E. Angwin (*pro hac* to be filed)
15  2229 First Avenue North
    Birmingham, Alabama 35203
16  205.241.9608

17  **JACKSON & TUCKER PC**
    K. Steven Jackson (*pro hac* to be filed)
    Joseph L. Tucker (*pro hac* to be filed)
18  2229 First Avenue North
    Birmingham, Alabama 35203
19  205.252.3535
20  **LAW OFFICE OF ANNA DEAN FARMER, P.C.**
    Anna Dean Farmer (*pro hac* to be filed)
21  440 Louisiana, Suite 900
    Houston, Texas. 77002
22  713.965.0095

23  **THE GILBERT LAW FIRM**
    Christopher K. Gilbert (*pro hac* to be filed)
24  2223 Cheshire Lane
    Houston, TX 77018
25  832.541.3747
26

27

28

                        - 23 -
                    CLASS ACTION COMPLAINT



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:     325 S. Melrose | |
| MAILING ADDRESS:    325 S. Melrose | |
| CITY AND ZIP CODE:  Vista, CA 92081 | |
| BRANCH NAME:        North County | |
| TELEPHONE NUMBER: (760) 806-6347 | |

| PLAINTIFF(S) / PETITIONER(S):     Erin Wright |
|---|

| DEFENDANT(S) / RESPONDENT(S): General Mills, Inc. |
|---|

WRIGHT VS. GENERAL MILLS, INC.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00054977-CU-BT-NC |
|---|---|

Judge: Michael B. Orfield                     Department: N-28

**COMPLAINT/PETITION FILED:** 06/04/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                                                                Page: 1
**NOTICE OF CASE ASSIGNMENT**




**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GENERAL MILLS, INC., and DOES 1 through 100.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ERIN WRIGHT, individually and as Class Representative of and for all those similarly situated.

---

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Diego Superior Court - North County Division
Vista Regional Center
325 S. Melrose Dr., Vista, CA 92083

CASE NUMBER *(Número del Caso):* 37-2008-00054977-CU-BT-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brett L. Rosenthal, Esq. / Tel.: (310) 471-2707 / Fax: (310) 472-7014
McNULTY LAW FIRM, 827 Moraga Drive, Los Angeles, CA 90049

DATE: JUN 0 4 2008       Clerk, by _____, Deputy
*(Fecha)*               *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

[SEAL — COUNTY OF SAN DIEGO SUPERIOR COURT NORTH COUNTY DIVISION STATE OF CALIFORNIA]

☐ **ORIGINAL**

05/04/2008    08:24    3104727014    MCNULTY LAW FIRM    PAGE 26/26

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brett L. Rosenthal, Esq. (SBN 230154)<br>McNULTY LAW FIRM<br>827 Moraga Drive, Los Angeles, CA 90049<br>TELEPHONE NO.: (310) 471-2707    FAX NO.: (310) 472-7014<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 325 S. Melrose Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92083
BRANCH NAME: North County Division

CASE NAME:
ERIN WRIGHT vs. GENERAL MILLS, INC., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2008-00054977-CU-BT-NC |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

BY FAX

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 3, 2008

_____          ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

☐ ORIGINAL

33

1

## CERTIFICATE OF SERVICE

2

3      I, Carla Durkee, declare as follows:

4      I am employed in the County of Orange, State of California; I am over the age of eighteen years and
am not a party to this action; my business address is 3161 Michelson Drive, Irvine, CA 92612-4412 in said

5   County and State.  On **August 20, 2008**, I served the following document(s):

6   **DEFENDANT GENERAL MILLS, INC.'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441**

7   on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the
following means of service:

8

9      McNulty Law Firm                          Attorneys for Plaintiff
       Peter J. McNulty
10     Brett L. Rosenthal
       827 Moraga Drive
11     Los Angeles, CA 90049
       Phone: (310) 471-2707
12     Fax: (310) 472-7014

13     **VIA HAND DELIVERY**

14     Angwin Law Firm                           Attorneys for Plaintiff
       Edward E. Angwin
15     2229 First Avenue North
       Birmingham, Alabama 35203
16     Phone: (205) 241-9608

17     **VIA UPS NEXT DAY AIR**

18
       Jackson & Tucker PC                        Attorneys for Plaintiff
19     K. Steven Jackson
       Joseph L. Tucker
20     2229 First Avenue North
       Birmingham Alabama 35203
21     Phone:  (205) 252-3535

22     **VIA UPS NEXT DAY AIR**

23     Law Office of Anna Dean Farmer, P.C.        Attorneys for Plaintiff
       Anna Dean Farmer
24     440 Louisiana, Suite 900
       Houston, Texas 77002
25     Phone:  (713) 965-0095

26     **VIA UPS NEXT DAY AIR**

27

28

34

Gibson, Dunn &
Crutcher LLP     DEFENDANT GENERAL MILLS, INC.'S                                    Case No. 08cv____
                 NOTICE OF REMOVAL

The Gilbert Law Firm
Christopher K. Gilbert
2223 Cheshire Lane
Houston, Texas 77018
Phone: (832) 541-3737

Attorneys for Plaintiff

**VIA UPS NEXT DAY AIR**

☐ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY E-MAIL:** I e-mailed a true copy addressed as indicated in the attached Service List, on the above-mentioned date.

☒ **BY PERSONAL SERVICE:** I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐ **BY FACSIMILE:** From facsimile number (949) 451-4220 at _____ a.m./p.m., I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

☒ **BY UPS NEXT DAY AIR:** On the above-mentioned date, I placed a true copy of the above-mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

☒ I am employed in the office of Gail E. Lees, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☐ **(STATE)**      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)**      I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 20, 2008**.

_____
Carla Durkee

100503014_1.DOC

35

Gibson, Dunn &
Crutcher LLP

DEFENDANT GENERAL MILLS, INC.'S
NOTICE OF REMOVAL

Case No. 08cv____

JS 44 (Rev. 12/07)

# ORIGINAL

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ERIN WRIGHT, individually and as Class Representative of and for all those similarly situated | GENERAL MILLS, INC., and DOES 1 through 100, 2008 AUG 20  AM 9: 51 |

**BY FAX**

| (b) County of Residence of First Listed Plaintiff San Diego | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| McNULTY LAW FIRM<br>Peter J. McNulty, Esq. SBN 89660<br>827 Moraga Drive<br>Los Angeles, CA 90049<br>Telephone: 310.471.2707 | GAIL E. LEES, SBN 90363<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071-3197<br>Telephone: (213) 229-7000 |

**08 CV 1532 L LSP**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury— Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):<br>28 U.S.C. § 1332, § 1441(a), and § 1453<br>Brief description of cause:<br>Class action alleging violations of California Bus. & Prof. Code § 17200, § 17500, and Civ. Code § 1750 et seq. |
|---|---|

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $5,000,000.00 injunctive and other relief | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| August 20, 2008 | Gail E. Lees  *Gail E. Lees* BES |

**FOR OFFICE USE ONLY**

RECEIPT # 154274   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

8/20/08  TAC

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

1

## CERTIFICATE OF SERVICE

2        I, Carla Durkee, declare as follows:

3        I am employed in the County of Orange, State of California; I am over the age of eighteen years and

4   am not a party to this action; my business address is 3161 Michelson Drive, Irvine, CA 92612-4412 in said
    County and State.  On **August 20, 2008**, I served the following document(s):

5                           **CIVIL COVER SHEET**

6   on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the
    following means of service:

7
          McNulty Law Firm                        Attorneys for Plaintiff
8         Peter J. McNulty
          Brett L. Rosenthal
9         827 Moraga Drive
          Los Angeles, CA 90049
10        Phone: (310) 471-2707
          Fax: (310) 472-7014
11
          **VIA HAND DELIVERY**
12

13        Angwin Law Firm                         Attorneys for Plaintiff
          Edward E. Angwin
14        2229 First Avenue North
          Birmingham, Alabama 35203
15        Phone: (205) 241-9608

16        **VIA UPS NEXT DAY AIR**

17
          Jackson & Tucker PC                     Attorneys for Plaintiff
18        K. Steven Jackson
          Joseph L. Tucker
19        2229 First Avenue North
          Birmingham Alabama 35203
20        Phone: (205) 252-3535

21        **VIA UPS NEXT DAY AIR**

22
          Law Office of Anna Dean Farmer, P.C.    Attorneys for Plaintiff
23        Anna Dean Farmer
          440 Louisiana, Suite 900
24        Houston, Texas 77002
          Phone: (713) 965-0095
25
          **VIA UPS NEXT DAY AIR**
26

27

28

Gibson, Dunn &
Crutcher LLP

CIVIL COVER SHEET                                      Case No. 08cv_____

The Gilbert Law Firm
Christopher K. Gilbert
2223 Cheshire Lane
Houston, Texas 77018
Phone: (832) 541-3737

Attorneys for Plaintiff

**VIA UPS NEXT DAY AIR**

☐  **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY E-MAIL**: I e-mailed a true copy addressed as indicated in the attached Service List, on the above-mentioned date.

☒  **BY PERSONAL SERVICE**: I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐  **BY FACSIMILE**: From facsimile number (949) 451-4220 at _____ a.m./p.m., I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

☒  **BY UPS NEXT DAY AIR:** On the above-mentioned date, I placed a true copy of the above-mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

☒  I am employed in the office of Gail E. Lees, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☐  (STATE)      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒  (FEDERAL)      I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 20, 2008.**

_Carla Durk_

Carla Durkee

100503793_1.DOC

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 154274    — TC**

**August 20, 2008
09:50:20**

**Civ Fil Non-Pris**
USAO #.: 08CV1532
Judge..: M. JAMES LORENZ
Amount.:              $350.00 CK
Check#.: BC23553

**Total—> $350.00**

FROM: ERIN WRIGHT
      VS
      GENERAL MILLS