1  PETER J. McNULTY, SBN 89660
2  peter@mcnultylaw.com
   BRETT L. ROSENTHAL, SBN 230154
3  brett@mcnultylaw.com
   McNULTY LAW FIRM
4  827 Moraga Drive
   Los Angeles, California 90049
5  Telephone: (310) 471-2707
6  Facsimile: (310) 472-7014

7  JOSEPH L. "JOSH" TUCKER, Esq.
   josh@jacksonandtucker.com
8  Pro Hac Vice Motion Forthcoming
   [awaiting certificate of good standing]
9  EDWARD E. ANGWIN, Esq.
10 ed@jacksonandtucker.com
   Jackson, Tucker & Angwin, P.C.
11 2229 1st Ave. North
12 Birmingham, AL 35203
   Telephone: (205) 252-3535
13 Facsimile: (205) 252-3536

14 Attorneys for Plaintiffs

15

16           **IN THE UNITED STATES DISTRICT COURT**

17           **SOUTHERN DISTRICT OF CALIFORNIA**

18
   ERIN WRIGHT, Individually and as Class      ) CASE NO. 08CV1532-L-LSP
19 Representative of and for all those similarly )
   situated,                                   ) *Honorable M. James Lorenz*
20                                             )
21        Plaintiffs;                          ) PLAINTIFF'S MOTION TO
                                               ) REMAND
22                                             )
   v.                                          ) [San Diego Superior Court, Case No. 37-
23                                             )  2008-00054977-CU-BT-NC]
   GENERAL MILLS, INC., and DOES 1 through )
24 100,                                        ) Date:  October 27, 2008
25                                             ) Time:  10:30 a.m.
                                               ) Courtroom:  14
26        Defendants.                          )
27                                             )
                                               )
28                                             )
                                               )

                                    1

PLAINTIFF respectfully petitions for remand due to the Defendant's failure to establish that this Honorable Court has diversity jurisdiction to hear this matter under 28 U.S.C. § 1332; specifically, removing Defendant has failed to carry its burden of proving the amount in controversy exceeds Five Million Dollars ($5,000,000.00) as required to establish federal subject matter jurisdiction under the CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1332(d), 1453 ("CAFA"). Because the Defendant has failed to carry its burden of establishing the threshold existence of federal subject matter jurisdiction, this case must be remanded.

**WHEREFORE,** Based upon this reasoning and the authorities set out in the accompanying *Memorandum of Law*, Plaintiff moves this Honorable Court for an *Order* remanding this action to the Superior Court of the State of California for San Diego County, California, where it originated.

Respectfully submitted, this the 28th day of August, 2008.


 s/ Brett L. Rosenthal
Peter J. McNulty, Esq. (SBN 89660)
Brett L. Rosenthal, Esq. (SBN 230154)
MCNULTY LAW FIRM
827 Moraga Drive
Lost Angeles, CA 90049
Telephone: 310-471-2707
Facsimile: 310-472-7014

ADDITIONAL PLAINTIFF'S COUNSEL:
Joseph L. "Josh" Tucker, Esq.
PRO HAC VICE MOTION
FORTHCOMING
[awaiting certificate of good standing from
state bar]
Edward E. Angwin, Esq.
PRO HAC VICE MOTION
FORTHCOMING
[awaiting certificate of good standing from
state bar]
JACKSON, TUCKER & ANGWIN, P.C.
2229 1st Ave North
Birmingham, AL  35203
Phone:  205-252-3535
Fax:  205-252-3536

Anna Dean Farmer, Esq.
LAW OFFICES OF ANNA DEAN FARMER, P.C.
440 Louisiana, Suite 900
Houston, Texas  77002
Telephone: 713-965-0095

Christopher K. Gilbert, Esq.
THE GILBERT LAW FIRM
2223 Cheshire Lane
Houston, Texas  77018
Telephone: 832-541-3747

3

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA            )
                               )  ss.
COUNTY OF LOS ANGELES          )

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 827 Moraga Drive, Los Angeles, California 90049.

     On August 29, 2008, I served the foregoing document described as **PLAINTIFF'S MOTION TO REMAND,** in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| **By Electronic Mail & U.S. Mail** | **By Electronic Mail** |
|---|---|
| Gail E. Lees, Esq. <br> Christopher Chorba, Esq. <br> Bryan E. Smith, Esq. <br> GIBSON, DUNN & CRUTCHER LLP <br> 333 South Grand Avenue <br> Los Angeles, california 90071-3197 <br> Tel.: (213) 229-7000 <br> Facsimile: (213) 229-7520 <br> glees@gibsondunn.com <br> cchorba@gibsondunn.com <br> bsmith@gibsondun.com | **Pro Hac Vice Application forthcoming** <br> Joseph L. "Josh" Tucker, Esq. <br> Edward E. Angwin, Esq. <br> JACKSON, TUCKER & ANGWIN, P.C. <br> 2229 1st Ave North <br> Birmingham, AL 35203 <br> Phone: 205-252-3535 <br> Fax: 205-252-3536 <br> josh@jacksonandtucker.com <br> ed@jacksonandtucker.com <br><br> Additional attorneys for Plaintiffs |
| **By U.S. Mail** | **By U.S. Mail** |
| Christopher K. Gilbert, Esq. <br> THE GILBERT LAW FIRM <br> 2223 Cheshire Lane <br> Houston, Texas 77018 <br> Telephone: 832-541-3747 <br><br> Additional attorneys for Plaintiffs | Anna Dean Farmer, Esq. <br> LAW OFFICES OF ANNA DEAN FARMER, P.C. <br> 440 Louisiana, Suite 900 <br> Houston, Texas 77002 <br> Telephone: 713-965-0095 <br><br> Additional attorneys for Plaintiffs |

  X   **BY E-MAIL (as noted above):** On August 29, 2008, I e-mailed the above document to the parties listed above, to their listed electronic addresses, which are their electronic addresses of record duly registered with the Court.

  X   **BY U.S. MAIL (as noted above):** On August 29, 2008, I caused such envelope to be deposited in the mail, with postage thereon fully prepaid, at Los Angeles, California. [I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in the affidavit.]

1    __X__    **FEDERAL** I declare under penalty of perjury, under the laws of the laws of the United
States of America that the foregoing is true and correct.  I further declare that I am employed in
2    the office of a member of the bar of the court at whose direction the service was made.

3

4         Executed this 29th of August, 2008, in Los Angeles, California.

5

6                                                        _____
7                                                              RITA DAWLEY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PETER J. McNULTY, SBN 89660
peter@mcnultylaw.com
BRETT L. ROSENTHAL, SBN 230154
brett@mcnultylaw.com
McNULTY LAW FIRM
827 Moraga Drive
Los Angeles, California 90049
Telephone: (310) 471-2707
Facsimile: (310) 472-7014

JOSEPH L. "JOSH" TUCKER, Esq.
josh@jacksonandtucker.com
Pro Hac Vice Motion Forthcoming
[awaiting certificate of good standing]
EDWARD E. ANGWIN, Esq.
ed@jacksonandtucker.com
Jackson, Tucker & Angwin, P.C.
2229 1st Ave. North
Birmingham, AL 35203
Telephone: (205) 252-3535
Facsimile: (205) 252-3536

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN WRIGHT, Individually and as Class Representative of and for all those similarly situated, | CASE NO. 08CV1532-L-LSP |
| Plaintiffs; | *Honorable M. James Lorenz* |
| | PLAINTIFF'S NOTICE OF MOTION TO REMAND |
| v. | [San Diego Superior Court, Case No. 37-2008-00054977-CU-BT-NC] |
| GENERAL MILLS, INC., and DOES 1 through 100, | Date:  October 27, 2008 |
| | Time: 10:30 a.m. |
| Defendants. | Courtroom:  14 |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMES NOW the Plaintiff, Erin Wright, individually and on behalf of all similarly situated persons ("Plaintiff"), and respectfully moves the Court pursuant to 28 U.S.C. § 1447(c) for an *Order* remanding this case to the Superior Court of the State of California for San Diego County, California, from which it was erroneously removed by Defendant General Mills, Inc. ("Defendant") on August 20, 2008. The hearing on Plaintiff's Motion to Remand will be heard in the United States District Court, Southern District of California, located on 280 Front Street, San Diego, CA 92101 on October 27, 2008 at 10:30 a.m. in Courtroom 14.

Respectfully submitted, this the 28th day of August, 2008.

_s/ Brett L. Rosenthal_____
Peter J. McNulty, Esq. (SBN 89660)
Brett L. Rosenthal, Esq. (SBN 230154)
MCNULTY LAW FIRM
827 Moraga Drive
Lost Angeles, CA 90049
Telephone: 310-471-2707
Facsimile: 310-472-7014

ADDITIONAL PLAINTIFF'S COUNSEL:
Joseph L. "Josh" Tucker, Esq.
PRO HAC VICE MOTION
FORTHCOMING
[awaiting certificate of good standing from
state bar]
Edward E. Angwin, Esq.
PRO HAC VICE MOTION
FORTHCOMING
[awaiting certificate of good standing from
state bar]
JACKSON, TUCKER & ANGWIN, P.C.
2229 1st Ave North
Birmingham, AL 35203
Phone: 205-252-3535
Fax: 205-252-3536

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Anna Dean Farmer, Esq.
LAW OFFICES OF ANNA DEAN FARMER, P.C.
440 Louisiana, Suite 900
Houston, Texas  77002
Telephone: 713-965-0095

Christopher K. Gilbert, Esq.
THE GILBERT LAW FIRM
2223 Cheshire Lane
Houston, Texas  77018
Telephone: 832-541-3747

NOTICE OF MOTION TO REMAND

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss.
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 827 Moraga Drive, Los Angeles, California 90049.

On August 29, 2008, I served the foregoing document described as **PLAINTIFF'S NOTICE OF MOTION TO REMAND,** in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| **By Electronic Mail & U.S. Mail** | **By Electronic Mail** |
|---|---|
| Gail E. Lees, Esq.<br>Christopher Chorba, Esq.<br>Bryan E. Smith, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, california 90071-3197<br>Tel.: (213) 229-7000<br>Facsimile: (213) 229-7520<br>glees@gibsondunn.com<br>cchorba@gibsondunn.com<br>bsmith@gibsondun.com | **Pro Hac Vice Application forthcoming**<br>Joseph L. "Josh" Tucker, Esq.<br>Edward E. Angwin, Esq.<br>JACKSON, TUCKER & ANGWIN, P.C.<br>2229 1st Ave North<br>Birmingham, AL 35203<br>Phone: 205-252-3535<br>Fax: 205-252-3536<br>josh@jacksonandtucker.com<br>ed@jacksonandtucker.com<br><br>Additional attorneys for Plaintiffs |
| **By U.S. Mail** | **By U.S. Mail** |
| Christopher K. Gilbert, Esq.<br>THE GILBERT LAW FIRM<br>2223 Cheshire Lane<br>Houston, Texas 77018<br>Telephone: 832-541-3747<br><br>Additional attorneys for Plaintiffs | Anna Dean Farmer, Esq.<br>LAW OFFICES OF ANNA DEAN FARMER, P.C.<br>440 Louisiana, Suite 900<br>Houston, Texas 77002<br>Telephone: 713-965-0095<br><br>Additional attorneys for Plaintiffs |

  X    **BY E-MAIL (as noted above):** On August 29, 2008, I e-mailed the above document to the parties listed above, to their listed electronic addresses, which are their electronic addresses of record duly registered with the Court.

  X    **BY U.S. MAIL (as noted above)**: On August 29, 2008, I caused such envelope to be deposited in the mail, with postage thereon fully prepaid, at Los Angeles, California. [I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in the affidavit.]

1    X    **FEDERAL** I declare under penalty of perjury, under the laws of the laws of the United
    States of America that the foregoing is true and correct.  I further declare that I am employed in
2  the office of a member of the bar of the court at whose direction the service was made.

3

      Executed this 29th of August, 2008, in Los Angeles, California.
4

5

6                                           RITA DAWLEY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

1    PETER J. McNULTY, SBN 89660
2    peter@mcnultylaw.com
     BRETT L. ROSENTHAL, SBN 230154
3    brett@mcnultylaw.com
     McNULTY LAW FIRM
4    827 Moraga Drive
     Los Angeles, California 90049
5    Telephone: (310) 471-2707
     Facsimile: (310) 472-7014
6

7    JOSEPH L. "JOSH" TUCKER, Esq.
     josh@jacksonandtucker.com
8    Pro Hac Vice Motion Forthcoming
     [awaiting certificate of good standing]
9    EDWARD E. ANGWIN, Esq.
10   ed@jacksonandtucker.com
     Jackson, Tucker & Angwin, P.C.
11   2229 1st Ave. North
     Birmingham, AL 35203
12   Telephone: (205) 252-3535
     Facsimile: (205) 252-3536
13

14   Attorneys for Plaintiffs

15

16          **IN THE UNITED STATES DISTRICT COURT**

17          **SOUTHERN DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| 19   ERIN WRIGHT, Individually and as Class    ) | CASE NO. 08CV1532-L-LSP |
| Representative of and for all those similarly ) | |
| 20   situated,                    ) | *Honorable M. James Lorenz* |
| 21       Plaintiffs;             ) | PLAINTIFF'S MEMORANDUM OF |
| 22                      ) | POINTS AND AUTHORITIES IN |
| 23   v.                      ) | SUPPORT OF MOTION TO REMAND |
| 24   GENERAL MILLS, INC., and DOES 1 through ) | [San Diego Superior Court, Case No. 37- |
| 100,                     ) | 2008-00054977-CU-BT-NC] |
| 25                      ) | Date:  October 27, 2008 |
| 26       Defendants.         ) | Time:  10:30 a.m. |
| 27                      ) | Courtroom:  14 |
| 28                      ) | |

1

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES...........................................2

    I.       INTRODUCTION...........................................................................2

    II.      ARGUMENT................................................................................3

          A.  Federal Jurisdiction is Strictly Construed and Remand is Favored............3

          B.  The Defendant Bears the Burden of Establishing Federal
             Jurisdiction in Cases Removed Under CAFA.....................................4

          C.  The Defendant Must Establish the Jurisdictional Amount by
             a Preponderance of the Evidence.................................................6

          D.  The Defendant Has Failed to Present Sufficient Evidence to
             Satisfy Its Burden.................................................................8

          E.  Conclusion.......................................................................14

i

# **TABLE OF AUTHORITIES**

## **Cases**

*Abrego Abrego v. Dow Chemical Co.*
  443 F.3d 676, 682-83 (9th Cir. 2006)...................................................4, 5, 7, 8, 9, 11

*Adams v. Ins. Co. of N. Am.*
  426 F. Supp. 2d 356 (S.D. W.Va. 2006).........................................................6

*Allen v. R&H Oil & Gas Co.*
  69 F.3d 1326, 1335 (5th Cir. 1995) ...........................................................9

*Alvarez v. Limited Express, LLC*
  2007 WL 2317125, at *4 FN.3 (S.D.Cal. Aug. 8, 2007) ......................................12

*Bassel v. 4Access Communications Co.*
  2008 WL 2157005 (S.D. Cal. May 21, 2008)....................................................3

*Bower v. Am. Cas. Co. Of Reading Pa.*
  2001 U.S.App. LEXIS 18053, 8-11 (6th Cir. 2001).............................................13

*Boydston v. Asset Acceptance LLC*
  496 F.Supp.2d 1101, 1104 (N.D. Cal. 2007)......................................................4

*Brady v. Mercedes-Benz*
  243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002).................................................12

*Brill v. Countrywide Home Loans Inc.*
  427 F.3d 446, 447(7th Cir. 2005).................................................................5

*Brown v. Jackson Hewitt Inc.*
  2007 U.S. Dist. LEXIS 13328; 2007 WL 642011 (N.D. Ohio Feb. 27, 2007)............6,13

*Burk v. Medical Sav. Ins. Co.*
  348 F. Supp.2d 1063, 1069 (D. Ariz. 2004).................................................12,13

*Bush v. GE Transp.*
  2006 U.S. Dist. LEXIS 12821, 2006 WL 753112 (N.D.Ohio 2006).........................13

*Celestino v. Renal Advantage Inc.*
  2007 WL 1223699, at *4 (N.D. Cal. April 24, 2007)...........................................12

*Coit v. Fidelity Assur. Associates, LLC*
  2008 WL 3286978, at *2 (N.D. Cal. August 6, 2008)....................................5,13,14

ii

*Conrad Associates v. Hartford Accident & Indemnity Co.*
    994 F.Supp. 1196, 1198 (N.D. Cal.1998)..................................................13

*Cram v. Electronic Data Systems Corp.*
    2007 WL2904250, *2 (S.D. Cal. Oct. 3, 2007)...........................................8

*DiTolla v. Doral Dental IPA of New York, LLC*
    469 F.3d 271, 275 (2d Cir. 2006)............................................................5

*Duncan v. Stuetzle*
    76 F.3d 1480, 1485 (9th Cir.1996)...........................................................4

*Emrich v. Touche Ross & Co.*
    846 F.2d 1190, 1195 (9th Cir. 1988).........................................................4

*Evans v. Walter Indus., Inc.*
    449 F.3d 1159, 1164, reh'g and reh'g en banc denied, 180 Fed. Appx. 146
    (11th Cir. 2006).................................................................................5

*Gardynski-Leschuck v. Ford Motor Co.*
    142 F.3d 955, 958 (7th Cir.1998).............................................................12

*Gaus v. Miles, Inc.,*
    980 F.2d 564, 566 (9th Cir. 1992).........................................................3,4

*Gen. Atomic Co. v. United Nuclear Corp.*
    655 F.2d 968, 968-69 (9th Cir. 1981) ........................................................4

*In re Ford Motor Co.*
    264 F.3d 952, 958 (9th Cir.2001).............................................................11

*Johnson v. America Online, Inc.*
    280 F.Supp.2d 1018, 1025 (N.D. Cal. 2003)...............................................12

*Kokkonen v. Guardian Life Ins. Co. of America*
    511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).............................4

*Kroske v. U.S. Bank Corp.*
    432 F.3d 976, 980 (9th Cir. 2005)............................................................9

*Lowdermilk v. United States Bank Nat'l Assoc.*
    479 F.3d 994, 997 (9th Cir.2007)...........................................................5

*Lowdermilk v. U.S. Bank National Ass'n*
    479 F.3d 994, 1004 (9th Cir. 2007)..........................................................9

iii

*Lowery v. Ala. Power Co.*
   483 F.3d 1184, 1215 (11th Cir.2007)......................................................13,14

*Midwest Motor Supply Co. v. Addis*
   2006 U.S. Dist. LEXIS 4663, 2006 WL 181990 (S.D.Ohio 2006)....................................13

*Morgan v. Gay*
   471 F.3d 469, 473 (3d Cir. 2006).........................................................5

*Navarro v. Servisai,*
   *LLC*, 2008 WL 3842984, *1 (N.D. Cal. August 14, 2008)....................................4

*Nelson v. BIC USA, Inc.*
   2008 WL 906049 (S.D. Cal. 2008)..........................................................11

*Nelsen v. PeoplePC, Inc.*
   2007 WL 1574765, *1 (N.D. Cal. May 30 2007)..............................................8

*Nishimoto v. Federman-Bachrach & Assoc.*
   903 F.2d 709, 712 FN.3 (9th Cir. 1990)....................................................3

*Ojo v. Farmers Group, Inc.*
   2006 WL 4552707 (C.D. Cal. March 7, 2006)................................................10

*Ongstad v. Piper Jaffray & Co.*
   407 F. Supp. 2d 1085 (D.N.D. 2006).......................................................6

*Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*
   802 F.2d 362, 363 (9th Cir. 1986).........................................................8

*Padgett v. Cigna Corp.*
   2008 WL 639165 (D. Ha. March 6, 2008)....................................................10

*Petrie v. Pacific Stock Exchange, Inc.*
   982 F.Supp. 1390, 1393 (N.D. Cal. 1997)..................................................4

*Plummer v. Farmers Group Inc.*
   388 F. Supp. 2d 1310 (E.D. Okla. 2005)...................................................6

*Pulera v. F & B, Inc.*
   2008 WL 3863489 (E.D. Cal. August 19, 2008).............................................12

*Richmond v. Allstate Ins. Co.*
   897 F.Supp. 447, 449 (S.D. Cal. 1995).....................................................8

iv

*Rodgers v. Central Locating Service, Ltd.*
    412 F.Supp.2d 1171, 1180-81 (W.D.Wash. 2006)................................11

*Saulic v. Symantec Corp.*
    2007 WL 5074883, *2 (C.D. Cal. Dec. 6, 2007)...........................13

*Singer v. State Farm Mut. Auto. Ins. Co.*
    116 F.3d 373-74, 377 (9th Cir. 1997)................................8,9,10,14

*Terry v. Chicago Title Ins. Co.*
    2007 WL 656308 (D.N.H. Feb. 28, 2007)...............................6

*Tompkins v. Basic Research LL*
    2008 WL 1808316, at *4 (E.D.Cal.2008)..............................12

*Tvia, Inc. v. Silva*
    2008 WL 3843212, *2 (N.D. Cal. August 15, 2008)........................4

*Werner v. KPMG LLP*
    415 F. Supp.2d 688 (S.D. Tex. 2006)................................6

*Yeroushalmi v. Blockbuster, Inc.*
    2005 WL 2083008 (C.D.Cal. July 11, 2005)............................11

## **Statutes**

CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1332(d), § 1332(d)(5), § 1441(b),
    ("CAFA").................................................2,3,4,5,6,9,10,11

28 U.S.C. §1441(b) ................................................4

28 U.S.C. §1332(d) ................................................5

28 U.S.C. §1332(d)(5) ................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Erin Wright, individually and on behalf of all similarly situated persons ("Plaintiff"), has moved this Court pursuant 28 U.S.C. § 1447(c) for an order remanding this case for an *Order* remanding this case to the Superior Court of the State of California for San Diego County, from which it was improvidently removed by Defendant General Mills, Inc. ("Defendant") on August 20, 2008. Submitted herewith is a memorandum of points and authorities in support of Plaintiff's motion.

## I.    INTRODUCTION

Plaintiff filed her initial complaint June 4, 2008, in the Superior Court of the State of California for San Diego County. See Defendant's Notice of Removal [Doc #1] at ¶ 1, p. 1; see also Exhibit "A" to Defendant's Notice of Removal. In her *Complaint*, Plaintiff asserts claims, based solely on California law, against the Defendant related to certain of Defendants "Nature Valley" crunchy granola and chewy trail mix products seeking to represent two (2) classes of California residents.[1]

Defendants removed this matter on July 3, 2008[2] asserting that federal subject matter jurisdiction exists under the provisions of the CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1332(d) ("CAFA"). In removing this action, the Defendant asserted that:

(1)    there are 100 or more members in the Plaintiff's purported classes;

(2)    the requisite minimal diversity exists; and,

---

[1] Defendant does not allege that there is a federal question at issue, and rests its removal solely on the allegation that diversity jurisdiction exists. See Defendants Notice of Removal [Doc. #1].

[2] Defendant was served with the complaint in this matter on July 21, 2008. Plaintiff does not contest that the case was removed within thirty (30) days of service.

(3)    the combined claims of the proposed class members exceed, in the aggregate, the

sum or value of Five Million dollars ($5,000,000.00).

See Defendant's Notice of Removal [Doc. #1] at ¶ 4, p. 1.

Plaintiff does not contest that there are 100 or more members in the Plaintiff's purported

classes, not does Plaintiff contest that minimal diversity exists between the parties. However,

Plaintiff does contest that the Defendant has carried its burden of establishing the requisite

amount in controversy for purposes of invoking jurisdiction under CAFA. Because the

Defendant has failed to provide sufficient proof, by a preponderance of evidence that the

requisite jurisdictional amount is in controversy, this case is due to be remanded.

## II.    ARGUMENT

### A.    FEDERAL JURISDICTION IS STRICTLY CONSTRUED AND REMAND IS FAVORED

This court is well aware of the legal standards governing removal of actions as set forth

in its recent decision in _Bassel v. 4Access Communications Co._, 2008 WL 2157005 (S.D. Cal.

May 21, 2008).3 As this Court noted in _Bassel_, federal courts are court of limited jurisdiction

and "[t]he burden of establishing federal jurisdiction is on the party seeking removal, and the

removal statute is strictly construed against removal jurisdiction." _Id._ at *1 (quoting _Nishimoto v._

_Federman-Bachrach & Assoc.,_ 903 F.2d 709, 712 FN.3 (9th Cir. 1990); see also _Emrich v._

_Touche Ross & Co.,_ 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected

if there is any doubt as to the right of removal in the first instance." _Bassel_. at *1 (citing _Gaus v._

_Miles, Inc.,_ 980 F.2d 564, 566 (9th Cir. 1992)). Other California federal district courts have

made similar rulings. For example, the United States District Court for the Northern District of

California recently summarized the law governing removal by stating the following:

---

3 Although the issue in _Bassel_ was whether the $75,000 jurisdictional amount was in
controversy, the reasoning used is still applicable to the present case.

3

Removal under 28 U.S.C. section 1441(b) is permitted for actions over which a federal district court could have exercised original jurisdiction. The removing party bears the burden of establishing that removal is proper. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1990). The removal statutes are strictly construed such that any doubts are resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

*Navarro v. Servisair, LLC,* 2008 WL 3842984, *1 (N.D. Cal. August 14, 2008).

As this Honorable Court noted in *Boydston v. Asset Acceptance LLC*, because federal courts have limited jurisdiction, they "are presumed to lack jurisdiction unless the contrary is established." *Boydston v. Asset Acceptance LLC,* 496 F.Supp.2d 1101, 1104 (N.D. Cal. 2007) (citing *Gen. Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 968-69 (9th Cir. 1981)). In accordance with that principle, "[t]he burden of establishing subject matter jurisdiction rests with the party seeking removal. *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Furthermore, not only must the removal statute, be strictly construed, "the court must reject federal jurisdiction if there is any doubt as to whether removal was proper." *Petrie v. Pacific Stock Exchange, Inc.,* 982 F.Supp. 1390, 1393 (N.D. Cal. 1997) (citing *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir.1996).

## B.    THE DEFENDANT BEARS THE BURDEN OF ESTABLISHING FEDERAL JURISDICTION IN CASES REMOVED UNDER CAFA

As recently reiterated by the Ninth Circuit, "[i]n cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement." *Abrego Abrego v. Dow Chemical Co.* 443 F.3d 676, 682-83 (9th Cir. 2006); see also *Tvia, Inc. v. Silva,* 2008 WL 3843212, *2 (N.D. Cal. August 15, 2008)* ("*The burden of establishing federal jurisdiction is [placed] upon the party seeking removal.*").

4

The enactment of CAFA did not affect or change the "longstanding near canonical rule that the burden on removal rests with the removing defendant." *Abrego Abrego* at 684. In fact, in *Abrego Abrego*, the Ninth Circuit expressly stated that, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Id.* at 685. Notably, and in following the law of the Ninth Circuit as set forth in *Abrego Abrego*, the U.S. District Court for the Northern District of California very recently held as follows:

> Although CAFA amends 28 U.S.C. § 1332(d) for class action lawsuits, the Ninth Circuit "recently affirmed that 'under CAFA, the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.'" *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 997 (9th Cir.2007) (quoting *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir.2006)).

*Coit v. Fidelity Assur. Associates, LLC*, 2008 WL 3286978, at *2 (N.D. Cal. August 6, 2008). This holding is clearly in accord with cases from other Circuit Courts that have considered this issue. See *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006) ("*Under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy is satisfied.*"); see also *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164, *reh'g and reh'g en banc denied*, 180 Fed. Appx. 146 (11th Cir. 2006) ("*CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction.*"); see also *DiTolla v. Doral Dental IPA of New York, LLC*, 469 F.3d 271, 275 (2d Cir. 2006) ("*[I]t would be thoroughly unsound for this Court to reject a longstanding rule absent an explicit directive from Congress. . . . We presume that Congress, when it enacted CAFA, knew where the burden of proof had traditionally been placed. By its silence, we conclude that Congress chose not to alter that rule.*"); see also *Brill v. Countrywide Home Loans Inc.*, 427 F.3d 446, 447(7th Cir. 2005) (*[To change the rule] "that a proponent of federal*

1    jurisdiction bears the risk of nonpersuasion," .... "Congress must enact a statute with the

2    president's signature.").4

### C.    THE DEFENDANT MUST ESTABLISH THE JURISDICTIONAL AMOUNT BY A PREPONDERANCE OF THE EVIDENCE

Because the Defendant has removed this matter asserting jurisdiction under the

provisions of CAFA, it must establish that the amount in controversy exceeds the sum or value

of $5,000,000.005. In the present case, the Defendant attempts to prove the requisite amount in

controversy by asserting the following, without offering any evidence or proof to support these

assertions:

> i.    The complaint asserts that the class has incurred "millions of dollars in losses" ;
>
> ii.    The complaint seeks restoration and disgorgement of the amounts paid by Plaintiff and the class;
>
> iii.    The Defendant has sold in excess of $10 Million of products in California during the past four years;
>
> iv.    Plaintiff has asserted an intention to amend the complaint to seek punitive damages if the alleged wrongful conduct is not corrected;
>
> iv.    Plaintiff seeks injunctive relief and amendments to the product packaging;

4 District courts in the 1st, 4th, 5th, 6th, 8th and 10th circuits have also held that the party requesting CAFA removal bears the burden of establishing jurisdiction, including the jurisdictional minimum amount in controversy. See *Terry v. Chicago Title Ins. Co.*, 2007 WL 656308 (D.N.H. Feb. 28, 2007); see also *Adams v. Ins. Co. of N. Am.*, 426 F. Supp. 2d 356 (S.D. W.Va. 2006); see also Werner v. KPMG LLP, 415 F. Supp.2d 688 (S.D. Tex. 2006); see also *Brown v. Jackson Hewitt Inc.*, 2007 WL 642011 (N.D. Ohio Feb. 27, 2007); see also *Ongstad v. Piper Jaffray & Co.*, 407 F. Supp. 2d 1085 (D.N.D. 2006); see also *Plummer v. Farmers Group Inc.*, 388 F. Supp. 2d 1310 (E.D. Okla. 2005).

5 The party seeking removal under CAFA must demonstrate that: (1) the aggregate amount in controversy exceeds the sum or value of $5,000,000; (2) minimal diversity exists (where any class member is a citizen of a state different from any defendant); and (3) the putative plaintiff class numbers at least 100 individuals or more. 28 U.S.C. § 1332(d)(5). As noted above, Plaintiff does not contest that there are 100 or more members in the Plaintiff's purported classes, not does Plaintiff contest that minimal diversity exists between the parties.

1    v.    Plaintiff's counsel seeks recovery of attorneys' fees; and

2    vi.    The conclusory assertion that the amount in controversy exceeds $5,000,000,
3          exclusive of interest and costs based upon the potential size of the class, the
          average price of the products at issue, and the number of products sold in
4          California during the past four years.

5    See Defendant's Notice of Removal [Doc. #1] at ¶ 6(a)-(g), p.2.

6        Plaintiff concedes that the complaint asserts that the classes have incurred millions of

7
8    dollars in losses, that the remedies requested include disgorgement, injunctive relief and

9    attorneys' fees.  Plaintiff also concedes that the complaint states that Plaintiff is reserving the

10   right to seek punitive damages should the conduct at issue not be corrected.  However, these

11   facts alone do not establish that the minimum statutory amount is in controversy.  Recognizing

12
13   that, on its face, the Plaintiff's complaint does not establish what amount is in controversy, the

14   Defendant has made additional unsubstantiated assertions in an attempt to show this Court that

15   the amount in controversy exceeds $5,000,000.

16       Before pointing out the deficiencies in the Defendant's attempt to establish the amount in

17   controversy, Plaintiff will first set out the burden the law places upon the Defendant to make this

18   showing.  In *Abrego Abrego,* discussed *supra,* the Ninth Circuit discussed three different
19
20   scenarios that could occur in a removal where the amount in controversy is at issue.  First, the

21   complaint may not plead a specific amount of damages; second, the complaint may allege

22   damages in excess of the minimum jurisdictional amount, and; third, the complaint may allege

23   damages less than the jurisdictional amount.  *Abrego Abrego* at 683.  In the present case, the first
24
25   of these situations is presented, as the Plaintiff has not pled a specific amount of damages in his

26

27

28

7

complaint.6

In cases, such as the present one, where the complaint does not specify the damages sought, "the removing defendant **must prove by a preponderance of the evidence** that the amount in controversy requirement has been met." _Nelsen v. PeoplePC, Inc._, 2007 WL 1574765, *1 (N.D. Cal. May 30 2007) (_emphasis added_) (quoting _Abrego Abrego v. Dow Chem. Co._, 443 F.3d 676, 683, 686 (9ᵗʰ Cir. 2006)). In the instant case, the Plaintiff's complaint seeks unspecified damages. The Defendant removed the present case contending that the amount in controversy has been met by setting out portions of the complaint and then presenting self-serving conclusory statements, wholly unsupported by any evidence.

### D.    THE DEFENDANT HAS FAILED TO PRESENT SUFFICIENT EVIDENCE TO SATISFY ITS BURDEN

In determining whether the Defendant has met its burden of establishing the amount in controversy, this Court should first examine the Plaintiff's complaint. "Generally in purported class actions, the amount in controversy is to be decided from the complaint itself." _Richmond v. Allstate Ins. Co._, 897 F.Supp. 447, 449 (S.D. Cal. 1995); see also _Pachinger v. MGM Grand Hotel-Las Vegas, Inc._, 802 F.2d 362, 363 (9th Cir. 1986) ("_The amount in controversy is normally determined from the face of the pleadings._"); see also _Cram v. Electronic Data Systems Corp._, 2007 WL2904250, *2 (S.D. Cal. Oct. 3, 2007) (citing _Richmond v. Allstate Ins. Co._, 897 F.Supp. 447, 449 (S.D.Cal.1995). If the amount in controversy is not apparent after examining the complaint, the court may then consider facts in the removal petition as well as evidence submitted by the parties, including "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." _Singer v. State Farm Mut. Auto. Ins. Co._, 116 F.3d 373, 377

---

6 The Defendant concedes that the only reference in the instant complaint to the amount in controversy is the statement that the class has incurred "millions of dollars in losses" [See, Defendants Notice of Removal [Doc. #1] at ¶ 6.b, p. 2.]

8

1  (9th Cir. 1997); see also *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1004 (9th Cir.

2  2007). Such "summary judgment-type evidence" includes affidavits and interrogatories. *Kroske*

3  *v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).7

4

5      In *Abrego Abrego*, the defendant, in its notice of removal made a similar suppositional,

6  conjectural statement in an attempt to establish a basis for CAFA removal. *Abrego Abrego*, at

7  679. The U.S. District Court for the Central District of California had examined the issue and

8  held that such a speculative statement failed to establish the amount in controversy requirement

9  of CAFA and, therefore, the court had remanded the case back to state court where it originated.

10 *Id.* at 680-81. The *Abrego Abrego* Court [the U.S. Court of Appeals for the Ninth Circuit]

11 affirmed the remand, noting as follows:

12

13         As we stated in *Gaus*, such allegations, "although attempting to recite some
           'magical incantation,' neither overcome[ ] the 'strong presumption' against
14         removal jurisdiction, nor satisf[y][Dow]'s burden of setting forth, in the removal
           petition itself, the *underlying facts* supporting its assertion that the amount in
15         controversy exceeds" $75,000. 980 F.2d at 567; *see also Singer v. State Farm*
           *Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997) ( "**[R]emoval 'cannot be**
16         **based simply upon conclusory allegations'** where the ad damnum is silent.")
           (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).
17

18 *Abrego Abrego*, at 649. Stated more succinctly, a federal court "cannot base [its] jurisdiction on

19 [d]efendant's speculation and conjecture." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994,

20 1002 (9th Cir. 2007).8

21

22     The present Defendant asserts that the jurisdiction amount is shown because the

23 Plaintiff's complaint asserts that the class has incurred "millions of dollars in losses"

24

25 7 Notably, in the present case, the removing Defendant has not attached and/or presented any
   affidavit, declaration, and/or any other "summary judgment-type evidence" for the Court's
26 consideration. Instead, the Defendant presents an entirely self-serving, unsupported statement by
   its counsel that the amount in controversy exists.
27

28 8 Although *Lowdermilk* involved a situation where the complaint specifically alleged an amount
   less than $5,000,000, the reasoning used by that Court is still instructive in the present case.

(Defendant's Notice of Removal [Doc #1] at ¶ 6(a), p. 2.). A similar situation was addressed by

the court in *Ojo v. Farmers Group, Inc.*, 2006 WL 4552707 (C.D. Cal. March 7, 2006). In *Ojo*

case, the "[t]he complaint contain[ed] only a vague allegation that 'Class Members have lost and

face losing millions of dollars in premiums paid for Policies as a result of premium overcharges

due to racial discrimination.'" *Id.* at *19.   After noting this fact, the *Ojo* court determined that,

"[b]ased on this allegation, it is **impossible** to determine either the aggregate or the individual

amounts in controversy in this case." *Id.* (*emphasis added*).   Among other things, the *Ojo* court

concluded that the amount in controversy was not specified in the complaint: "The court

therefore cannot determine whether CAFA would even apply to the proposed class action." *Id.*

This same reasoning is applicable to the present case. Defendant's Notice of Removal

fails to set forth any facts or evidence to support its hypothetical assertions as to the amount in

controversy. To the contrary, Defendant merely attests, without further explanation, that it has

sold in excess of $10,000,000.00 of the products at issue in the last four (4) years.   Such

unsupported statements do not satisfy the requirement that jurisdiction be established by a

preponderance of the evidence as "removal 'cannot be based simply on conclusory allegations.'"

*Singer  v. State Farm Mut. Ins. Co.*, 115 F.3d 373-74, 377 (9th Cir. 1997); see also *Padgett v.*

*Cigna Corp.*, 2008 WL 639165 (D. Ha. March 6, 2008) (*Where, in noting that the removing*

*Defendants had produced no evidence to satisfy the amount in controversy requirement, the*

*Court stated, "[t]he Court can only speculate as to the amount in controversy and such*

*speculation does not satisfy either the legal certainty or preponderance of the evidence*

*standard."*). Because the Defendant has failed to offer any evidence to support its conclusory

assertions as to the amount in controversy, the case is due to be remanded.

10

The other points raised by the Defendant in attempting to establish the amount in controversy are equally unpersuasive. The fact that the complaint seeks disgorgement does not, in and of itself, establish the jurisdictional amount. Just as with the other arguments made by the Defendant, it has failed to offer any argument or evidence to establish how the request for disgorgement would affect the amount in controversy. Accordingly, merely pointing out that disgorgement is a remedy sought by the Plaintiff does not satisfy the Defendant's burden.

Similarly, the amount in controversy is not established merely because the complaint seeks injunctive relief.9 Even if the value of injunctive relief can be considered in determining the jurisdictional amount, the Defendant has offered no proof as to what these costs might be.10 Again, merely citing to the relief requested in the Plaintiff's operative *Complaint* is insufficient to carry the burden of proving the amount in controversy.

The same rationale shows that the Defendant cannot establish the amount in controversy by pointing out that Plaintiff also seeks to recover attorneys' fees if successful. Initially, Plaintiff would point out that it is not certain that attorneys' fees should be considered in determining the

---

9 In the notice of removal the Defendant cites several times to *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008 (C.D.Cal. July 11, 2005). *Yeroushalmi* was one of the first cases to consider the effect of CAFA on removal. In *Yeroushalmi*, the court found, among other things, that CAFA had reversed the traditional rule that the party seeking removal to federal court bears the burden of establishing federal jurisdiction. This ruling was directly contrary to later controlling authority such as *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). Therefore, it is questionable whether *Yeroushalmi* has any precedential value.

10 Although there is no clear authority on this issue, at least one court has held: "[T]he 'value of injunctive relief is determined by calculating the defendant's costs of compliance: 'where the value of a plaintiff's potential recovery ... is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes.'" *Rodgers v. Central Locating Service, Ltd.*, 412 F.Supp.2d 1171, 1180-81 (W.D.Wash. 2006) (quoting *In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir.2001); *see also*, *Nelson v. BIC USA, Inc.*, 2008 WL 906049 (S.D. Cal. 2008).

1  amount in controversy.11  For purposes of the present motion the Plaintiff will assume that

2  attorneys' fees should be considered.  Because the Defendant has provided no basis for

3  calculating the attorneys' fees that may be awarded, the fact that fees have been sought via the

4

5  complaint does not establish the amount in controversy.  Consequently, as this federal district

6  recently ruled:

7           Although defendant claims the reasonable attorneys' fees result in an even
            higher amount in controversy, defendant provides the Court with no data from
8           which the Court could compute the estimated attorneys' fees recoverable here.
            See *Burk*, 348 F.Supp.2d at 1068 (calculating attorneys' fees requires evidence
9           of the billing rate of plaintiff's counsel and the estimated time counsel will
            spend litigating the case).
10

11  *Alvarez v. Limited Express, LLC*, 2007 WL 2317125, at *4 FN.3 (S.D.Cal. Aug. 8, 2007).  Once

12  again, Plaintiff would aver that the Defendant has failed to offer any evidence to establish how

13
    this factor could affect the amount in controversy.
14

15      The removing Defendant also asserts that it has established the requisite amount in

16  controversy because the Plaintiff has reserved the right to amend the complaint to add a claim for

17  punitive damages if the conduct at issue is not corrected.  Initially, Plaintiff would show that this

18

19

20  11 For a good discussion of this issue see *Pulera v. F & B, Inc.* 2008 WL 3863489 (E.D. Cal.
    August 19, 2008). "While the amount in controversy is determined at the time an action
21  commences, where attorney's fees are recoverable by statute, this determination includes a
    reasonable estimate of the attorney's fees likely to be incurred. *Brady v. Mercedes-Benz*, 243
22  F.Supp.2d 1004, 1010-11 (N.D.Cal.2002). The *Brady* court noted that other jurisdictions have
    disagreed with the inclusion of future attorney's fees, but found their arguments to be
23  unpersuasive. *Id.* (*noting that the Seventh Circuit's holding in Gardynski-Leschuck v. Ford
24  Motor Co., 142 F.3d 955, 958 (7th Cir.1998), which stated that the inclusion of prospective
    attorney's fees in the amount in controversy is improper because the defendant may capitulate to
25  the plaintiff's demands, thus eliminating prospective attorney's fees, "does not comport with the
    reality of litigation"*). While the Ninth Circuit has not yet ruled on this issue, the preponderance
26  of courts in this Circuit have agreed with the *Brady* approach. *See, e.g.*, *Tompkins v. Basic
27  Research LL*, 2008 WL 1808316, at *4 (E.D.Cal.2008); *Celestino v. Renal Advantage Inc.*, 2007
    WL 1223699, at *4 (N.D. Cal. April 24, 2007); *Johnson v. America Online, Inc.*, 280 F.Supp.2d
28  1018, 1025 (N.D. Cal. 2003)." *Id.* at *4.

is a speculative argument based upon a future act that has not occurred.  Importantly, as clarified

by the U.S. District Court for the Central District of California:

> Recent district court decisions in [the Ninth] circuit suggest that where removal is
> requested, **diversity jurisdiction will not lie based on prospective or
> speculative punitive damages awards**. _Conrad Associates v. Hartford Accident
> & Indemnity Co.,_ 994 F.Supp. 1196, 1198 (N.D. Cal.1998); _Burk v. Medical Sav.
> Ins. Co.,_ 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004). Decisions in other circuits
> reflect the same view. _Brown v. Jackson Hewitt, Inc.,_ 2007 U.S. Dist. LEXIS
> 13328, 2007 WL 642011 (D.Ohio 2007); _Bower v. Am. Cas. Co. of Reading Pa.,_
> 2001 U.S.App. LEXIS 18053, 8-11 (6th Cir. 2001); _Bush v. GE Transp.,_ 2006
> U.S. Dist. LEXIS 12821, 2006 WL 753112 (N.D.Ohio 2006); _Midwest Motor
> Supply Co. v. Addis._ 2006 U.S. Dist. LEXIS 4663, 2006 WL 181990 (S.D.Ohio
> 2006).

_Saulic v. Symantec Corp.,_ 2007 WL 5074883, *2 (C.D. Cal. Dec. 6, 2007) (_emphasis added_).

The _Saulic_ Court went further, explaining as follows:

> _Conrad Associates_ [_v. Hartford Accident & Indemnity Co.,_ 994 F.Supp. 1196
> (N.D.Cal.1998)] suggests that when a complaint is initially filed in state court,
> defendants cannot claim the amount in controversy meets the federal standard for
> diversity 'simply by pointing out that the complaint seeks punitive damages and
> that any damages awarded under such a claim could total a large sum of money.'
> _Id._ (quoting _Conrad,_ at 1201). Rather, the court must find it 'more likely than not
> that a potential punitive damages award could sufficiently increase the amount in
> controversy to meet the jurisdictional requirement.' _Id._

_Id._

More recently, in _Coit v. Fidelity Assur. Associates, LLC,_ the defendant removed the case

under CAFA, but failed to provide proof that the jurisdictional minimum amount was in

controversy. _Coit v. Fidelity Assur. Associates, LLC,_ 2008 WL 3286978 (N.D. Cal. Aug. 6,

2008).  In remanding the case, the U.S. District Court for the Northern District of California

court cited with approval a decision from the Court of Appeals for the Eleventh Circuit:

> Accordingly due to the Viatical Investment Defendants' failure to provide factual
> support for their assertions, the Court finds that 'the absence of factual allegations
> pertinent to the existence of jurisdiction is dispositive and, in such absence, the
> existence of jurisdiction should not be divined by looking to the stars.'

_Id._ at *3 (quoting _Lowery v. Ala. Power Co.,_ 483 F.3d 1184, 1215 (11th Cir.2007)." .

13

The *Lowery* decision, relied on by the court in *Coit*, is quite instructive since, in *Lowery*, the Eleventh Circuit discussed the majority of the issues presented in the instant case. As the *Lowery* court persuasively reasoned: **If ...evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings**. . . . The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars. *Lowery*, at 1213-15 (*emphasis added*). This is consistent with the principle that the district court must first determine if the amount in controversy is facially apparent from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997). Where the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal. *Lowery*, 483 F.3d at 1213-14. If the jurisdictional amount is neither stated clearly on the face of these documents nor readily deducible from them, the court must remand. *Id.* at 1211. Consequently, based upon the removing Defendant's total failure to provide any evidence beyond unsubstantiated speculation to meet its burden of establishing the basis for federal jurisdiction, this Court should immediately remand this case back to State Court.

### E.    CONCLUSION

In this case, the amount in controversy in not apparent from the face of the complaint. Nor is it established by any documents filed by the Defendants in their Notice of Removal. Because the amount in controversy has not been established with sufficient likelihood, this Court would have to use conjecture and guesswork to conclude what amount is at issue. The Defendant has the burden of establishing the requirements for jurisdiction, including proving the amount in controversy by a preponderance of the evidence. Because there is an absence of any evidence to support the assertion that the amount in controversy exceeds $5,000,000, this case is

14

1   due to be remanded.  Any other ruling would reduce the Defendant's burden from a

2   preponderance of evidence to an ambiguous suggestion of the jurisdictional amount.  Any

3   attempt to engage in a preponderance of the evidence assessment of the amount in controversy in

4   the present action would be pure speculation and conjecture in the absence of any evidence.

5

6   Consequently, removing Defendant has failed to demonstrate by a preponderance of the evidence

7   the $5,000,000.00 threshold has been satisfied and the case should be remanded to the court

8   where it originated without delay.

9           Respectfully submitted, this the 28th day of August, 2008.

10

11

12                                      _____ s/ Brett L. Rosenthal
                                        Peter J. McNulty, Esq. (SBN 89660)
13                                      Brett L. Rosenthal, Esq. (SBN 230154)
                                        MCNULTY LAW FIRM
14                                      827 Moraga Drive
                                        Lost Angeles, CA  90049
15                                      Phone:  310-471-2707
                                        Fax:  310-472-7014
16

17                                      ADDITIONAL PLAINTIFF'S COUNSEL:
                                        Joseph L. "Josh" Tucker, Esq.
18                                      PRO HAC VICE MOTION
                                        FORTHCOMING
19                                      [awaiting certificate of good standing from
                                        state bar]
20                                      Edward E. Angwin, Esq.
                                        PRO HAC VICE MOTION
21                                      FORTHCOMING
                                        [awaiting certificate of good standing from
22                                      state bar]
                                        JACKSON, TUCKER & ANGWIN, P.C.
23                                      2229 1st Ave North
                                        Birmingham, AL  35203
24                                      Phone:  205-252-3535
                                        Fax:  205-252-3536
25

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Anna Dean Farmer, Esq.
LAW OFFICES OF ANNA DEAN FARMER, P.C.
440 Louisiana, Suite 900
Houston, Texas  77002
Telephone: 713-965-0095

Christopher K. Gilbert, Esq.
THE GILBERT LAW FIRM
2223 Cheshire Lane
Houston, Texas  77018
Telephone: 832-541-3747

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA     )
                         ) ss.
COUNTY OF LOS ANGELES  )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 827 Moraga Drive, Los Angeles, California 90049.

     On August 29, 2008, I served the foregoing document described as **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND,** in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| **By Electronic Mail & U.S. Mail** | **By Electronic Mail** |
|---|---|
| Gail E. Lees, Esq.<br>Christopher Chorba, Esq.<br>Bryan E. Smith, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, california 90071-3197<br>Tel.: (213) 229-7000<br>Facsimile: (213) 229-7520<br>glees@gibsondunn.com<br>cchorba@gibsondunn.com<br>bsmith@gibsondun.com | **Pro Hac Vice Application forthcoming**<br>Joseph L. "Josh" Tucker, Esq.<br>Edward E. Angwin, Esq.<br>JACKSON, TUCKER & ANGWIN, P.C.<br>2229 1st Ave North<br>Birmingham, AL  35203<br>Phone:  205-252-3535<br>Fax:  205-252-3536<br>josh@jacksonandtucker.com<br>ed@jacksonandtucker.com<br><br>Additional attorneys for Plaintiffs |
| **By U.S. Mail**<br><br>Christopher K. Gilbert, Esq.<br>THE GILBERT LAW FIRM<br>2223 Cheshire Lane<br>Houston, Texas  77018<br>Telephone: 832-541-3747<br><br>Additional attorneys for Plaintiffs | **By U.S. Mail**<br><br>Anna Dean Farmer, Esq.<br>LAW OFFICES OF ANNA DEAN FARMER, P.C.<br>440 Louisiana, Suite 900<br>Houston, Texas  77002<br>Telephone: 713-965-0095<br><br>Additional attorneys for Plaintiffs |

 _X_   **BY E-MAIL (as noted above):** On August 29, 2008, I e-mailed the above document to the parties listed above, to their listed electronic addresses, which are their electronic addresses of record duly registered with the Court.

 _X_   **BY U.S. MAIL (as noted above):** On August 29, 2008, I caused such envelope to be deposited in the mail, with postage thereon fully prepaid, at Los Angeles, California.  [I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in the affidavit.]

1    __X__    **FEDERAL** I declare under penalty of perjury, under the laws of the laws of the United
2    States of America that the foregoing is true and correct.  I further declare that I am employed in
     the office of a member of the bar of the court at whose direction the service was made.

3

4            Executed this 29th of August, 2008, in Los Angeles, California.

5

6                                                            _____
7                                                                  RITA DAWLEY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28