1   McNULTY LAW FIRM
    Peter J. McNulty, Esq. SBN 89660
2   Brett L. Rosenthal, Esq. SBN 230154
    827 Moraga Drive
3   Los Angeles, CA 90049
    Telephone: 310.471.2707
4   Facsimile: 310.472.7014

5   Attorneys for Plaintiff Erin Wright,
    Individually and as Class Representative
6   of and for all those similarly situated

7

8                   **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10  ERIN WRIGHT, individually and as Class       CASE NO.   08CV1532-L-LSP
    Representative of and for all those similarly
11  situated,                                    Assigned to the Honorable M. James Lorenz

12                  Plaintiff,                    FIRST AMENDED CLASS ACTION
                                                  COMPLAINT FOR VIOLATIONS OF:
13                  vs.
                                                    1. CALIFORNIA BUSINESS AND
14  GENERAL MILLS, INC., and DOES 1                    PROFESSIONS CODE §§ 17200, *et*
    through 100;                                       *seq.*,
15                                                  2. CALIFORNIA BUSINESS AND
                    Defendants.                         PROFESSIONS CODE §§ 17500, *et*
16                                                     *seq.*, and
                                                    3. THE CONSUMERS LEGAL
17                                                     REMEDIES ACT ("CLRA") CIVIL
                                                       CODE §§ 1750, *et seq.*
18
                                                  Request for a Jury Trial of all Issues Triable by
19                                                a Jury

20

21                              **COMPLAINT**

22          COMES NOW the Plaintiff, Erin Wright, on behalf of herself and all other similarly situated

23  individuals residing within the boundaries of the State of California, by and through the undersigned

24  counsel of record, and hereby brings this Class Action Complaint against Defendant, GENERAL

25  MILLS, INC. (hereinafter "GENERAL MILLS" or the "Defendant").

26
27  / / /

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. <u>NATURE OF ACTION</u>

1.     This is a class action pursuant to California's Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.* ("UCL"), California's False Advertising Law Business and Professions Code §§ 17500, *et seq.* ( "FAL")and The Consumers Legal Remedies Act Civil Code § 1750, *et seq.* ("CLRA"), against Defendant GENERAL MILLS for its marketing, advertising, promotion and sales of "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products as "100% Natural" when these products contain one or more non-natural or artificial ingredient, such as High Fructose Corn Syrup ("HFCS").

2.     The term "100% Natural" and similar terms are regularly used by manufacturers, such as the Defendant, to describe a product that does not have any chemically altered or man-made ingredients. These terms are used to convey the message that the product at issue is a healthier choice than competing products that contain processed ingredients, and that this product is superior and is even worth a premium price because of that benefit.

3.     However, HFCS is a highly processed sugar substitute that does not exist in nature and is not "100% Natural." The use by GENERAL MILLS of the term "100% Natural" to describe its "Nature Valley" crunchy granola bar products and its "Nature Valley" chewy-trail-mix bar products when, in fact, the products are not, is unfairly misleading, inaccurate, deceptive and unlawful.

4.     Defendant's actions in describing these products as "100% Natural" was designed to induce consumers, such as the Plaintiff and the members of the putative Class, into believing that the product being described does not contain chemically altered or man-made ingredients and, therefore, that the product is a more healthy choice than competing products.

5.     As a direct result of its misleading, deceptive, untrue advertising and its unlawful, unfair and fraudulent business practices related to the "100% Natural" products listed above, Defendant caused

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff and other members of the Class to purchase, purchase more of, or pay more for, these Nature Valley products.

6.      Plaintiff and the members of the putative Class would have made different purchasing decisions had they known that the Defendant's "100% Natural" products contained one or more non-natural or artificial ingredient(s), such as High Fructose Corn Syrup, which has in turn caused Plaintiff and the Class to incur millions of dollars in losses.

7.      Common sense dictates that the use of the term "100% natural" should be limited to those products that contain NO artificial and/or synthetic ingredients and/or consist entirely of ingredients that are only minimally processed, at best.

8.      However, GENERAL MILLS has and continues to deceptively use the term "100% Natural" to describe its "Nature Valley" crunchy granola bar products and its "Nature Valley" chewy-trail-mix bar products when they actually contain ingredients that have been chemically altered from their natural state and, therefore, cannot be considered "100% Natural".

9.      Thus, use by GENERAL MILLS of the term "100% Natural" to describe its "Nature Valley" crunchy granola bar products and its "Nature Valley" chewy-trail-mix bar products creates consumer confusion, is deceptive, and detrimentally effects competing products that are "100% Natural" (i.e., naturally produced or contain ONLY ingredients that are chemically unchanged from their natural state).

## II. PARTIES

10.     Plaintiff is over the age of nineteen (19) years of age.  Plaintiff is filing this claim on behalf of herself and all residents throughout the State of California who purchased a GENERAL MILLS "Nature Valley" crunchy granola bar products and its "Nature Valley" chewy-trail-mix bar products within the "Class Period" as defined herein, that was marketed, advertised, promoted, and/or sold as

"100% Natural" but which contain one or more non-natural or artificial ingredient(s), such as High Fructose Corn Syrup.

11.    Specifically excluded from the class is any entity in which Defendant GENERAL MILLS has a controlling interest, and any and all officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors, and/or assigns of any such entity, together with any immediate family member of any officer, director or employee of said companies.

12.    Also excluded from the Class is any Judge or Magistrate presiding over this Action and members of their immediate families, and any counsel for any Defendant, counsel's staff, and/or immediate families.

13.    Defendant General Mills, Inc., ("GENERAL MILLS") is a Delaware corporation/company with its principal place of business located in Minneapolis, Minnesota.    GENERAL MILLS develops, manufactures, promotes, distributes, and sells packaged "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products throughout the State of California. Defendant GENERAL MILLS representative for service of process in the State of California is as follows:

NATIONAL REGISTERED AGENTS, IN C.
2030 MAIN STREET SUITE 1030
IRVINE, CA 92614

14.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants designated herein as DOES 1 through 100, inclusive, are presently unknown to Plaintiff, who, therefore, sue said Defendants by such fictitious names. Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants designated herein as a "Doe" is legally responsible for the events and happenings hereinafter referred to, and proximately caused or contributed to the injuries and damages as hereinafter described. Based upon information and belief, DOES 1 through 100 are any other companies who manufactured, sold, marketed and/or advertised for sale the

- 4 -

FIRST AMENDED CLASS ACTION COMPLAINT

"Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products throughout the State of California to the class as hereinafter described. Plaintiffs will seek leave of the Court to amend this complaint, in order to show the true names and capacities of such parties, when each has been ascertained.

15.   At all times herein mentioned, each of the Defendants was the agent, partner, joint venture and/or employee of the remaining Defendants, and was acting within the course and scope of such agency, partnership, joint venture, and/or employment.  Furthermore, in engaging in the conduct described below, the Defendants were all acting with the knowledge, consent, approval, and/or ratification of their co-Defendants.

## III.  JURISDICTION AND VENUE

16.   Jurisdiction and venue are proper in this Court.

17.   Plaintiff is a resident citizen of the State of California, is a resident citizen of this Judicial Circuit, and the acts, events, and conduct complained of herein occurred in substantial part within this Judicial District.  Defendant has substantial operations and/or does significant business within this Judicial District and is, therefore, subject to personal jurisdiction in this Judicial District.

18.   Plaintiff is a "consumer" and a "real party in interest" as required to bring this action and as set out in Civil Code § 1780(a).   Moreover, Plaintiff suffered damage and injury as a result of Defendant conduct as alleged above.

19.   Plaintiff and the members of the putative Class respectfully represent that they have injuries suffered damages common to all of those similarly situated, and they specifically disclaim any cause of action based in any way upon federal law, whether pursuant to federal statute, federal common law, or the Constitution of the United States of America, basing their causes of action solely and exclusively upon statutes and the common law of the State of California.

///

FIRST AMENDED CLASS ACTION COMPLAINT

## IV. FACTS

20.     This Class Action seeks redress for GENERAL MILLS deliberate and unlawful misbranding of "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products as being "100% Natural" when, in fact, the product(s) contain at least one (1) non-natural ingredient.

21.     GENERAL MILLS is in the business of producing and marketing food and beverage products to the general public throughout the United States including the State of California.

22.     Upon information and belief, GENERAL MILLS entered the crunchy granola bar market in 1975.   Ultimately, GENERAL MILLS developed and began marketing "100% Natural" "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products.

23.     The label on each box of "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products prominently displays the words "100% Natural".

24.     GENERAL MILLS has marketed these products on its website, www.generalmills.com, as "a 100 percent natural source of energy to fuel consumers' healthy, active lifestyles."

25.     GENERAL MILLS website has further described its "Nature Valley" crunchy granola bar products as follows:

       … "made with pure and simple ingredients.  When you want a natural snack for your healthy, active outdoor lifestyle, reach for the great taste and whole-grain goodness of Nature Valley crunchy granola bars."

26.     Similarly, GENERAL MILLS website describes its "Nature Valley" chewy-trial-mix products as follows:

       … "Nature Valley Chewy Trail Mix Crunchy granola bars are one thing you don't want to leave behind.  They … are made from 100% natural ingredients … "

27.     However, these products are not "100% natural" because they contain a highly processed sugar substitute know as High Fructose Corn Syrup (hereinafter "HFCS").

28.     HFCS does not exist in nature and is a man-made sweetener.

- 6 -

29.     Therefore, to describe, label, advertise, and promote HCFS as a "Natural," "All Natural" or "100% Natural" ingredient is deceptive and unfair to consumers and competitors.

30.     HFSC is created from cornstarch, as opposed to sugar (sucrose), which is produced from sugar cane or sugar beets.  HFCS is produced by processing cornstarch to yield glucose, and then processing a significant portion of the glucose to produce fructose.  Acids or enzymes are needed to break down cornstarch, which is composed of long chains of glucose molecules, into glucose and then, partially into fructose.

31.     First, the cornstarch is treated with an enzyme, alpha-amylase, to produce shorter chains of sugars called polysaccharides.  Alpha-amylase is industrially produced by a bacterium, usually Bacillus sp. The enzyme is purified and then shipped to HFCS manufacturers.

32.     Second, an enzyme called glucoamylase breaks the sugar chains down even further to yield glucose.  Unlike alpha-amylase, glucoamylase is produced industrially by Aspergillus, a fungus.  (Acids may be used by some companies instead of alpha-amylase and glycoamylase)

33.     The third enzyme, glucose-isomerase, converts glucose to a mixture of about forty-two percent (42%) fructose and fifty to fifty-two percent (50% to 52%) glucose, with some other sugars (or short polymers of glucose) mixed in.  While alpha amylase and glucoamylase are added directly to the slurry, pricey glucose-isomerase is packed into columns and the sugar mixture is then passed over it.  The sweet liquid with forty-two percent (42%) fructose is used as HFCS 42 in some applications.

34.     If the end user wants a higher percentage of fructose in its HFCS, two additional steps are necessary. First, a liquid chromatography step takes the mixture to ninety-percent (90%) fructose.  Second, the ninety-percent (90%) mixture is back-blended with the original mixture to yield a final concentration of about fifty-five (55%) fructose.  This mixture is what the industry commonly refers to as HFCS 55, and is the industry standard.

FIRST AMENDED CLASS ACTION COMPLAINT

35.     Isomerization to create HFCS generally takes place in large, backed-bed reactors.  These are cylindrical columns designed to give good flow distribution and flow control.  Isomerization of dextrose to fructose is a thermodynamically controlled reaction.

36.     The process described herein above does <u>NOT</u> otherwise occur in nature.  Indeed, the process used to create HFCS has only been in existence for the last 50 years.

37.     Furthermore, the molecules in HFCS, and in the Defendant' "100% Natural" "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products were not extracted from natural sources, but created through enzymatically catalyzed chemical reactions in factories.

38.     Once the complicated process for creating HFCS is understood, it is clear why describing products that contain HFCS as "100% Natural" is misleading and deceptive.

39.     HFCS is a man-made product and its use in the Defendant' "100% Natural" "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products is misleading to the general public, consumers of the products, and the present Plaintiff.

40.     GENERAL MILLS is telling the general, consuming public of the State of California that "100% Natural" "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products are "100% natural" when they are not.

41.     This action does not challenge GENERAL MILLS' use of HFCS in its products, nor does this action allege that HFCS has any adverse health effects.  This action only challenges use of the phrase "100% natural" to describe, promote, market, and sell products that contain the non-natural, man-made, synthetic sugar substitute, HFCS.

42.     GENERAL MILLS produces, markets, promotes, and sells "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products that are deceptively labeled as "100% natural" but contain HFCS.  GERERAL MILLS does not mention that these products contain

FIRST AMENDED CLASS ACTION COMPLAINT

HFCS except in hard-to-read type in the "ingredients" statement on the reverse/rear side of the product container. This is despite the fact that HFCS is a primary ingredient in each such product.

43. GENERAL MILLS is intentionally and purposely manipulating the labeling of certain of its products in violation of the law and with the specific intent of misrepresenting said "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products are "100% Natural" when they are clearly not. Such conduct is in direct violation of California consumer protection laws in that such conduct constitutes a deceptive and unfair trade practice.

44. Plaintiff purchased GENERAL MILLS "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products expecting a healthy food product. Plaintiff was attracted to GENERAL MILLS' products because the label indicated that the "Nature Valley" crunchy granola bar products and its "Nature Valley" chewy-trail-mix bar products were made from "100% natural" ingredients.

45. Plaintiff reasonably believed that "100% natural" labeled products contain ingredients found in nature or, at least, ingredients minimally processed from things found in nature. Plaintiff does not consider HFCS to be a "natural" ingredient.

46. Plaintiff relied on the "100% Natural" ingredient representation to his detriment. Only after Plaintiff purchased and consumed the products did he learn that the products actually contained HFCS, an artificial ingredient.

47. Plaintiff and the members of the putative Class would have made different purchasing decisions had they known that the Defendant's "100% Natural" products contained one or more non-natural or artificial ingredient(s), such as High Fructose Corn Syrup, which has in turn caused Plaintiff and the Class to incur millions of dollars in losses.

48. Plaintiff bargained for and paid for a "100% Natural" product, but instead received a product with a non-natural, man-made, artificial ingredient, HFCS, which had no value or benefit to him.

FIRST AMENDED CLASS ACTION COMPLAINT

## V. <u>CLASS ACTION ALLEGATIONS</u>

49.    Plaintiff brings this action as a class action pursuant to California Civil Code §1780, *et seq.*, on his own behalf, and on the behalf of all others similarly situated, with the Class being defined as follows:

> All persons residing in the State of California who purchased
> GENERAL MILLS, INC., "Nature Valley" crunchy granola bar
> products or "Nature Valley" chewy-trail-mix bar products marketed,
> advertised, promoted, labeled and sold as "100% Natural," but that
> contained HFCS and/or other unnatural ingredients, during the
> "Class Period"

50.    Specifically excluded from the Class is any entity in which GENERAL MILLS, INC., has a controlling interest, and any and all officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors, and/or assigns of any such entity, together with any immediate family member of any officer, director or employee of said companies.

51.    Also excluded from the Class is any Judge or Magistrate presiding over this Action and members of their immediate families, and any counsel for any Defendant, counsel's staff, and/or immediate families.

52.    The "Class Period" is defined as being the four (4) years immediately preceding the filing of this action.

53.    A class action is maintainable under California Rules of Civil Procedure, because Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making final injunctive relief and declaratory relief appropriate with respect to the Class as a whole.

54.    Alternatively, a class action is maintainable under California Civil Code Section 1780, *et seq.* because common questions predominate over any questions affecting individual members of the Class, and litigation as a class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

55.     While the exact number of Class members for each respective Class is presently unknown to the Plaintiff, and can only be ascertained through appropriate discovery, Plaintiff believes the members of the Class readily exceeds over one thousand (1,000) persons.

56.     The claims of the Plaintiff and the Class raise questions of law and fact that are common to all members and which predominate over any questions solely affecting individual members of the Class. Among questions of law and fact common to the Class:

      a.     Whether Defendant misrepresents the ingredients, characteristics or other aspects of its "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products;

      b.     Whether Defendant mislabels its "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products;

      c.     Whether Defendant's misrepresentations are unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code §   17500 et seq.;

      d.     Whether Defendant's mislabeling of its "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products constitutes unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 et seq.;

      e.     Whether Defendant's mislabeling of its "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products is unlawful, unfair or fraudulent under California Business and Professions Code § 17200, et seq.;

      f.     Whether Defendant's misrepresentations are unlawful, unfair or fraudulent under California Business and Professions Code § 17200, et seq.;

g.   Whether Defendant knew, or by the exercise of reasonable care should have known, that its misrepresentations and mislabeling of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products was untrue or would be misleading to a reasonable consumer;

h.   Whether Defendant knowingly and intentionally concealed from Plaintiff and the members of the Class that its "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products were mislabeled and that the ingredients were misrepresented;

i.   Whether Defendant engaged in unfair and deceptive conduct in a violation of California Civil Code section 1750, et seq.

j.   Whether Defendant engaged in unfair and deceptive conduct in a violation of California Civil Code section 1770(a)(5) which prohibits: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

k.   Whether Defendant engaged in unfair and deceptive conduct in violation of California Civil Code section 1770(a)(7) which prohibits: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

l.   Whether Plaintiff and the members of the proposed Class have been injured or suffered losses and, if so, the extent of their injury or loss;

m.   Whether Defendant should be enjoined from engaging in the conduct complained of herein; and,

- 12 -

n.    Whether Defendant has been unjustly enriched through the wrongful conduct set forth herein.

57.    Plaintiff's claims as representative of the Class are typical of the claims of the absent class members. Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation as her counsel.

58.    The prosecution of individual actions by members of the Class would create the risk of: (1) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant; and (2) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

58.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the advertising, marketing and labeling of Defendant's "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products.

59.    Plaintiff avers that the prerequisites for class action treatment apply to this action and that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversies which are the subject of this action.

60.    Plaintiff further states that the interests of judicial economy will be served by concentrating litigation concerning these claims in this Court, and that the management of the proposed Class will not be difficult.

## VI. **FIRST CAUSE OF ACTION**

(Business and Professions Code § 17500, *et seq.* - Misleading and Deceptive Advertising)

61.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

- 13 -

FIRST AMENDED CLASS ACTION COMPLAINT

62.     Plaintiff asserts this cause of action for violations of California Business and Professions Code §17500, *et seq.* for misleading and deceptive advertising against Defendant.

63.     At all material times, Defendant has engaged in a scheme of offering for sale "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products to Plaintiff and other members of the Class, by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements, and other promotional materials.  The "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products actually contain HFCS, an artificial and manmade ingredient.

64.     Said labeling and other inducements were made within the State of California and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq.* in that such promotional materials and product labeling are intended as inducements to purchase the products and are statements disseminated by Defendant to Plaintiff and the members of the Class and are intended to reach these consumers.

66.     Defendant knew, or in the exercise of reasonable care should have known, that these statements would be misleading and deceptive to the reasonable consumer.

67.     In furtherance of said plan and scheme, Defendant has manufactured and distributed within the State of California via the World Wide Web (Internet), product packaging and labeling, commercial advertisements and other promotional materials, statements that falsely advertise the true nature of their "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as being "100% Natural."

68.     The "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products contain an artificial man-made sweetener, HFCS.

69.     Consumers, including Plaintiff and the members of the Class necessarily and reasonably relied on the label and other marketing materials for these products.

70.     Consumers, including Plaintiff and the members of the Class were among the intended targets of these representations and statements.

71.     The above acts of Defendant, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Plaintiff

and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Class by obfuscating the nature of the ingredients of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products, all in violation of the "misleading prong" of California Business and Professions Code § 17500, *et seq.*

72.     As a result of the above violations of the misleading prong of Business and Professions Code § 17500, *et seq.*, Defendant has been unjustly enriched at the expense of Plaintiff and the other members of the Class.

73.     Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as a result of the wrongful conduct of Defendant.

74.     WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

## VII.   SECOND CAUSE OF ACTION

(Business and Professions Code § 17500, *et seq.* - Untrue Advertising)

75.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference therein.

76.     Plaintiff asserts this cause of action for violations of California Business and Professions Code § 17500, et seq. for untrue advertising against Defendant.

77.     At all material times, Defendant has engaged in a scheme of offering for sale "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products to Plaintiff and the other members of the Class, by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements and other promotional materials.

78.     The "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products contain an artificial man-made sweetener, HFCS.

FIRST AMENDED CLASS ACTION COMPLAINT

79.    Consumers, including Plaintiff and the members of the Class, necessarily and reasonably relied on the label and other marketing materials for these products.

80.    Consumers, including Plaintiff and the members of the Class, were among the intended targets of these representations and statements.

81.    The above acts of Defendant, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Class by obfuscating the nature of the ingredients of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products, all in violation of the "untrue" prong of California Business and Professions Code §17500, *et seq*.

82.    Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as a result of the wrongful conduct of Defendant.

83.    WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

## VIII.    **THIRD CAUSE OF ACTION**

(Business and Professions Code § 17200, *et seq*. - Unlawful Business Acts and Practices)

84.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

85.    Such acts of Defendant, as described above, and each of them, constitute unlawful business acts and practices.

86.    In this regard, manufacturing, marketing, advertising, selling and distributing the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as "100% Natural" when, in fact, they contain HFCS, is unlawful.

FIRST AMENDED CLASS ACTION COMPLAINT

87. The business practices alleged above are unlawful under the Consumers Legal Remedy Act, Cal. Civ. Code §1750, *et seq*. ("CLRA"), which also forbids deceptive advertising, among other things.

88. The business practices alleged above are unlawful under Business and Professions Code §17200, *et seq*. by virtue of violating Business and Professions Code §17500, *et seq*., which forbids untrue advertising and misleading advertising.

89. The business practices alleged above are also unlawful as a breach of an express warranty under California Commercial Code § 2313; and, breach of implied warranty of fitness for a particular purpose under California Commercial Code § 2315.

90. As a result of the wrongful business practices described above, Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as a result of the wrongful conduct of Defendant.

91. The above-described unlawful business acts and practices of Defendant present a reasonable likelihood of deception to Plaintiff and members of the Class in that Defendant has systematically perpetrated and continues to perpetrate such acts or practices upon members of the Class by means of misleading advertising and marketing.

92. WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

### IX.   **FOURTH CAUSE OF ACTION**

(Business and Professions Code § 17200, *et seq*. - Unfair Business Acts and Practices)

93. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

94. Such acts of Defendant, as described above, and each of them, constitute unfair business acts and practices.

- 17 -

95.     Plaintiff, and other members of the Class who purchased any of the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products suffered a substantial injury by virtue of buying a product they would not have purchased absent Defendant's unfair advertising, by virtue of buying more of these products they would have absent Defendant's unfair advertising, or by paying more for these products than they would have absent the Defendant's unfair advertising.

96.     There is no benefit to consumers or competition by falsely advertising these products. Indeed, the harm to consumers and competition is substantial.

97.     Plaintiff and other members of the Class who purchased any of the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products had no way of reasonably knowing that Defendant's products were not "100% Natural", as labeled and otherwise advertised.

98.     Thus, these consumers could not have reasonably avoided the injury each of them suffered.

99.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and is immoral, unethical, unscrupulous, offends established public policy or is substantially injurious to Plaintiff and other members of the Class.

100.    As a result of the business acts and practices described above, Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as a result of the wrongful conduct of Defendant.

101.    WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

/ / /

/ / /

/ / /

## X. FIFTH CAUSE OF ACTION

(Business and Professions Code § 17200, *et seq.* - Fraudulent Business Acts and Practices)

102.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

103.    Such acts of Defendant as described above, and each of them, constitute fraudulent business practices under California Business and Professions Code sections § 17200, *et seq.*

104.    As more fully described above, the labeling of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products is likely to deceive reasonable California purchasers, such as the Plaintiff and the members of the Class.

105.    Indeed, Plaintiff and other members of the Class were unquestionably deceived into believing the products they purchased were "100% Natural", when in fact, they contained an artificial ingredient, HFCS.

106.    Said acts are fraudulent business acts and practices.

107.    This fraud and deception caused Plaintiff and members of the Class to purchase "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products and Plaintiff and the members of the Class suffered a substantial injury by virtue of buying a product they would not have purchased absent Defendant's unfair advertising, by virtue of buying more of these products they would have absent Defendant's unfair advertising, or by paying more for these products than they would have absent the Defendant's unfair advertising.

108.    As a result of the business acts and practices described above, Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products at issue as a result of the wrongful conduct of Defendant.

109.    WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

/ / /

## XI. SIXTH CAUSE OF ACTION

(California Civil Code § 1750, *et seq.* - The Consumers Legal Remedies Act)

110.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

111.    Plaintiff brings this action pursuant to California's Consumer Legal Remedies Act ("CLRA") California Civil Code § 1750, *et seq.*

112.    The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

113.    By this action, Plaintiff seeks to enjoin the unfair, unlawful, and deceptive acts and conduct of the Defendant as more fully described above. Plaintiff also seeks to recover damages as set forth herein.

114.    The "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products at issue are "goods" as defined by the CLRA in California Civil Code § 1761(a).

115.    Defendant is a "person" as defined by the CLRA in California Civil Code § 1761(c).

116.    Plaintiff and the members of the Class are "consumers" as defined by the CLRA in California Civil Code § 1761(d).

117.    The buying of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products by Plaintiff and the members of the Class are "transactions" as defined by California Civil Code § 1761(e).

118.    The mislabeling of the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products is prohibited pursuant to the CLRA, since they are "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

119.    Defendant engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products as "100% Natural" when in fact these products contain HFCS, an artificial ingredient that does not naturally occur.

120.     This unfair and deceptive conduct is a violation of California Civil Code § 1770(a)(5), which prohibits "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

121.     This unfair and deceptive conduct is also a violation of California Civil Code § 1770(a)(7) which prohibits: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

122.     The Defendant's unfair and deceptive acts and conduct have violated, and continue to violate, California's Consumers Legal Remedies Act, Civil Code § 1750, *et seq*., because they extend to transactions that are intended to result, or have resulted, in the sale or lease of goods or services to consumers, including the Plaintiff and the members of the Class.

123.     As a direct and proximate cause of Defendant's unfair and deceptive acts or practices, Plaintiff and the members of the Class have suffered damages in that they purchased misbranded products they would not have bought, purchased more of these products than they would otherwise have bought, or that they paid more for these products than they would have if these products had been honestly advertised and labeled.

124.     In addition, on August 19, 2008, Plaintiff served the Defendant, by certified mail return receipt requested, with notice and demand to correct, repair, replace or otherwise rectify the unlawful, unfair, false and deceptive practices complained of herein, as required by the CLRA in California Civil Code § 1782.

125.     As Defendant failed to comply with Plaintiff's demand within thirty (30) days of the August 19, 2008 notice and demand letter, Plaintiff seeks the following relief, for herself and for the Class, as allowed under California Civil Code § 1780:

      a.      Actual damages of not less than One Thousand Dollars ($1,000).

      b.      injunctive and declarative relief.

      c.      Restitution.

      d.      Punitive damages.

      e.      Costs of the action,

f.      Reasonable attorneys' fees, pursuant to California Civil Code § 1780(d).

g.      Any other relief which the Court deems proper.

## XII. **RELIEF DEMANDED**

126.    For herself, and for the Class she seeks to represent, Plaintiff asks for the following relief:

A.      An Order certifying that the action may be maintained as a class action;

B.      An Order that the Plaintiff may serve as representative of the Class;

C.      For a preliminary and permanent injunction enjoining Defendant from advertising, representing, or otherwise holding out for sale within the State of California, any products which contain HFCS as being "100% Natural";

D.      An Order requiring Defendant to provide a form of corrective advertising designed to correct the misrepresentations, misstatements and omissions made in the marketing, advertising, packaging and other promotional materials related to its "100% Natural" "Nature Valley" crunchy granola bar products or "Nature Valley" chewy-trail-mix bar products;

E.      For a judgment of the Court to restore, by way of restitution, refund or reimbursement, to any person in interest, any money acquired by means of Defendant's untrue, deceptive or misleading advertising and/or unfair, unlawful or fraudulent business acts and practices described herein;

F.      Disgorgement of the excessive and ill-gotten monies obtained by Defendant as a result of the untrue and misleading advertising and unlawful, unfair or fraudulent business acts and practices described herein;

G.      For an award of attorney fees pursuant to, *inter alia*, Code of Civil Procedure §§ 1021.5 and 1032;

H.      For an award of attorney fees pursuant to California Civil Code § 1780(d);

I.      For costs of suit herein incurred pursuant to Code of Civil Procedure § 1033.5;

J.      Pre and post-judgment interest; and/or

/ / /

/ / /

/ / /

- 22 -

K.      For such other and further relief as this Court deems appropriate or which is allowed for in law or equity.


Dated: November 18, 2008                          McNULTY LAW FIRM


                                       By: /s/ Brett L. Rosenthal
                                           Peter J. McNulty (89660)
                                           Brett L. Rosenthal (230154)
                                           Attorneys for Plaintiff and the Class

**ADDITIONAL PLAINTIFF'S COUNSEL**

**ANGWIN LAW FIRM**
Edward E. Angwin (*pro hac* to be filed)
2229 First Avenue North
Birmingham, Alabama 35203
205.241.9608

**JACKSON & TUCKER PC**
K. Steven Jackson (*pro hac* to be filed)
Joseph L. Tucker (*pro hac* to be filed)
2229 First Avenue North
Birmingham, Alabama 35203
205.252.3535

**LAW OFFICE OF ANNA DEAN FARMER, P.C.**
Anna Dean Farmer (*pro hac* to be filed)
440 Louisiana, Suite 900
Houston, Texas. 77002
713.965.0095

**THE GILBERT LAW FIRM**
Christopher K. Gilbert (*pro hac* to be filed)
2223 Cheshire Lane
Houston, TX 77018
832.541.3747

FIRST AMENDED CLASS ACTION COMPLAINT

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 827 Moraga Drive, Los Angeles, California 90049.

     On November 18, 2008, I served the foregoing document described as **FIRST AMENDED CLASS ACTION COMPLAINT,** in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| **By Electronic Mail & U.S. Mail** | **By Electronic Mail** |
|---|---|
| Gail E. Lees, Esq.<br>Christopher Chorba, Esq.<br>Bryan E. Smith, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, california 90071-3197<br>Tel.: (213) 229-7000<br>Facsimile: (213) 229-7520<br>glees@gibsondunn.com<br>cchorba@gibsondunn.com<br>bsmith@gibsondun.com | **Pro Hac Vice Application forthcoming**<br>Joseph L. "Josh" Tucker, Esq.<br>Edward E. Angwin, Esq.<br>JACKSON, TUCKER & ANGWIN, P.C.<br>2229 1st Ave North<br>Birmingham, AL 35203<br>Phone: 205-252-3535<br>Fax: 205-252-3536<br>josh@jacksonandtucker.com<br>ed@jacksonandtucker.com<br><br>Additional attorneys for Plaintiffs |
| **By U.S. Mail** | **By U.S. Mail** |
| Christopher K. Gilbert, Esq.<br>THE GILBERT LAW FIRM<br>2223 Cheshire Lane<br>Houston, Texas 77018<br>Telephone: 832-541-3747<br><br>Additional attorneys for Plaintiffs | Anna Dean Farmer, Esq.<br>LAW OFFICES OF ANNA DEAN FARMER, P.C.<br>440 Louisiana, Suite 900<br>Houston, Texas 77002<br>Telephone: 713-965-0095<br><br>Additional attorneys for Plaintiffs |

  X   **BY E-MAIL (as noted above):** On November 8, 2008, I e-mailed the above document to the parties listed above, to their listed electronic addresses, which are their electronic addresses of record duly registered with the Court.

  X   **BY U.S. MAIL (as noted above):** On November 8, 2008, I caused such envelope to be deposited in the mail, with postage thereon fully prepaid, at Los Angeles, California. [I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in the affidavit.]

1    X    **FEDERAL** I declare under penalty of perjury, under the laws of the laws of the United States of America that the foregoing is true and correct.  I further declare that I am employed in the office of a member of the bar of the court at whose direction the service was made.

2

3

Executed this 18th of November, 2008, in Los Angeles, California.

4

5

6

7                  RITA DAWLEY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE