UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN WRIGHT, individually and as Class Representative of and for all those similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>GENERAL MILLS, INC.,<br><br>           Defendant. | Civil No. 08cv1532 L(NLS)<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE [doc. #17-5]; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [doc. #17]; DENYING AS MOOT ALTERNATIVE MOTION TO STRIKE; and GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

Defendant moves to dismiss plaintiff's first amended complaint ("FAC") or in the alternative, to strike the FAC. The motion has been fully briefed. Additionally plaintiff has provided several notices of new authority relevant to the motion to dismiss to which defendant has filed responses.[1] The Court finds this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**A.    Background**

General Mills markets, advertises, promotes, and sells "Nature Valley" crunchy granola bar products and "Nature Valley" chewy-trail-mix bar products (collectively "Nature Valley

---

[1] Plaintiff filed six notices of new case law relevant to defendant's motion to dismiss, doc. nos. 22, 24, 32, 38, 39 and 41. Defendant filed responses to these notices, doc. nos. 28, 29, 33, 40 and 42. The Court has reviewed the case law presented and defendants responses thereto.

products"). At some point prior to the filing of this action, the Nature Valley products were sold as "100% Natural" even though the "products contain[ed] one or more non-natural or artificial ingredient[s], such as high fructose corn syrup ("HFCS")." (FAC at 2, ¶1.) Plaintiff asserts that to consumers "natural" implies that the product is not highly processed, not chemically altered and is a superior product worth a premium price. *Id.,* §2. Because HFCS does not occur in nature and is a man-made sweetener, plaintiff contends that the use of "100% Natural" on the package and in the advertising for the Nature Valley products is false, misleading and deceptive. As a result of the alleged false and misleading labeling and advertising, plaintiff and the class she seeks to represent purchased defendant's products believing that they were superior to other products on the market. Because defendant's products were labeled as "100% natural" and may have been more expensive because of that labeling and advertising as "100% natural," plaintiff asserts she and class members suffered economic injury.

The FAC alleges violations of California Business and Professions Code §§ 17200 *et seq.*, Unfair Competition Law ("UCL"); Business and Professions Code, §§ 17500 *et seq.*, False Advertising Law ("FAL"); and the Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750.

Defendant moves to dismiss the FAC contending that federal law occupies the field of food labeling and therefore, preempts all of plaintiff's claims; the primary jurisdiction doctrine bars plaintiff's claims; and each of plaintiff's claims rests on an inaccurate premise that defendant may not describe products containing HFCS as "100% natural." Defendant also moves to dismiss plaintiff's claims of entitlement to injunctive relief and punitive damages. Finally, defendant contends that the FAC claims fail to meet current pleading standards and fail to state claims on which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B.  Federal Preemption**

Defendant moves to dismiss the FAC on the ground that plaintiff's claims are impliedly preempted by regulations promulgated by the Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.* ("FDCA").

The FDCA gives the FDA the authority to regulate certain aspects of food and beverage safety and labeling. 21 U.S.C. § 371. Congress passed the Nutrition Labeling and Education Act of 1990 ("NLEA"), which amended the FDCA, by providing a preemption provision which created express preemption for state laws, including certain labeling requirements that were added in the NLEA. Section 343-1 expressly preempts state regulation of specific topics related to food labeling and provides that states may not establish any requirement respecting these specified topics "that is not identical" to the requirements in the FDCA. 21 U.S.C. § 343-1(a). In a note to section 343-1, Congress stated that "[t]he [NLEA] shall not be construed to preempt any provision of State law, unless such provision is expressly preempted under section 403A of the Federal Food, Drug, and Cosmetic Act." Pub. L. No. 101-535, § 6(c), 104 Stat. 2535, 2364 (21 U.S.C. § 343-1 note).

### 1. Field Preemption

General Mills first argues plaintiff's claims are impliedly preempted because Congress intended the federal government to occupy the field of food and beverage labeling. Defendant bases this argument on the FDA's enactment of "a detailed, rigorous, and comprehensive system for labeling food products through the FDCA . . . and related regulations." (MTD Ps&As at 7.)

A federal law impliedly preempts a state law "where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990). Field preemption may be implied from a "'scheme of federal regulation . . . so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,' or where an Act of Congress 'touches a field in which federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Id.* (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). But the inclusion of an express preemption provision that permits state regulations that are identical to federal law demonstrates that state regulation and enforcement can exist along with federal regulation. *See Freightliner Corp. v. Myrick*, 514 U.S. 280, 288 (1995) ("an express definition of the pre-emptive reach of a statute 'implies' – i.e., supports a reasonable inference that Congress did not intend to pre-empt other matters ...."). There is an express savings clause

in the amended FDCA that provides: "The [NLEA] shall not be construed to preempt any provision of State law, unless such provision is expressly preempted under [21 U.S.C. § 343-1(a)]." PUB. L. NO. 101-535, § 6(c)(1) (21 U.S.C. § 343-1 note).

Although the FDA has promulgated several food-labeling requirements, Congress has specifically indicated that it does not intend to occupy the field of food and beverage nutritional labeling and states are permitted to regulate matters covered by the NLEA and its regulations provided that such state laws do not fall within the FDCA's express preemption provisions. *See In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1091 (2008) ("Congress made clear that the preemptive scope of section 343-1 was to sweep no further than the plain language of the statute itself.").

Accordingly, plaintiff's state law claims are not barred by field preemption.

### 2. Conflict Preemption

Conflict preemption analysis examines the federal statute as a whole to determine whether a party's compliance with both federal and state requirements is impossible or whether, in light of the federal statute's purpose and intended effects, state law poses an obstacle to the accomplishment of Congress's objectives. *Whistler Investments, Inc. v. Depository Trust and Clearing Corp.*, 539 F.3d 1159, 1164 (9th Cir. 2008), citing *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000). The FDCA is intended to "protect the public health by ensuring that [ ] foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. § 393.

Because the FDA has deferred taking regulatory action with respect to the term "natural," plaintiff's state law claims do not stand as an obstacle to accomplishing Congress's objectives of uniformity and consistency in regulating labeling. Accordingly, plaintiff's claims alleging deceptive labeling and advertising of the Nature Valley products as being "100% natural" even though they contained HFC are not impliedly preempted by the doctrine of conflict preemption.

### 3. Primary Jurisdiction Doctrine

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).

"[T]he doctrine is a 'prudential' one, under which a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry, rather than by the judicial branch." *Id.*  The doctrine "is to be used only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency, and if protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." *Id.*  If the doctrine is applicable, "the court either stays proceedings or dismisses the case without prejudice, so that the parties may seek an administrative ruling." *Id.* at 1115.

Although the FDA has addressed the use of the term "natural" in depicting food and beverage products, its policy with respect to the use of the term "natural" is unrestrictive.  The FDA follows a policy of not taking enforcement action charging that a product labeled as "natural" is misbranded, as long as the product has no "added color, synthetic substances, and flavors." 58 Fed. Reg. 2407.

Based on the FDA's consistent determination that the term "natural" does not need specific definition,[2] state law claims based upon the use of the term "natural" is not an issue of first impression, does not require technical expertise within the special competence of the FDA, and is not a particularly complicated issue outside the ability of the Court to consider and decide.

The application of the primary jurisdiction doctrine is not appropriate in this action.

/ / /

/ / /

/ / /

---

[2] Defendant contends that plaintiff's state law claims must fail because they are based on a "flawed contention" of what constitutes "natural" and are based on nothing more than "her own subjective beliefs and not on any binding authority." (MTD Ps&As at 15, 16.) Under the FDA's current policy, which is an advisory opinion, "the agency has considered 'natural' to mean merely that nothing artificial or synthetic (including colors regardless of source) is included in, or has been added to, the product that would not normally be there." 56 F.R. 60421-01 (1991).  Because "natural" has not been defined by the FDA, which would be binding authority, plaintiff may go forward with her contention that a product may be misleading to consumers when it is labeled or advertised as "100% natural" but contains HFCS.

**C.      Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

   **1.      Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

A motion to dismiss should be granted "if plaintiffs have not pleaded 'enough facts to state a claim to relief that is plausible on its face.'"  *Williams ex rel. Tabiu v. Gerber Products Co.* , 523 F.3d 934, 938 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S. Ct. at 1964-1965.  The court does not have to accept as true any legal conclusions within a complaint, although conclusions can help frame a complaint.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  Judicial notice may be taken of facts "not subject to reasonable

dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (alteration in original)).

Both parties seek judicial notice of various labels and packaging items associated with the Nature Valley products. Because neither party contests the authenticity of the documents and they serve as the basis for plaintiff's allegations found in the FAC, the Court takes judicial notice of the materials presented by the parties.

**2.  Discussion**

Defendant argues that even if plaintiff's UCL, FAL and CLRA claims are not subject to federal preemption, plaintiff has failed to meet the appropriate pleading standard under *Twombley* and *Iqbal* and therefore has failed to state claims under Federal Rule of Civil Procedure 12(b)(6).

**a.  Pleading Standard**

As described above, the pleading standard in federal court has undergone a somewhat dramatic change with the Supreme Court's *Twombley* and *Iqbal* decisions. It is no longer appropriate to apply the *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) standard: a complaint may not be dismissed for failure to state a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Under the recent Supreme Court cases, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief. *Iqbal*, 129 S. Ct. at 1949.

The FAC in this action is based on little more than conclusory and speculative factual content. For example, the causes of action plaintiff asserts require an injury in fact based upon defendant's use of "100% Natural" on its product labeling and advertising. Plaintiff argues that her FAC alleges economic injury:

> As a direct result of its misleading, deceptive, untrue advertising and its unlawful, unfair and fraudulent business practices related to the "100% Natural" products listed above, Defendant caused Plaintiff and other members of the Class to purchase, purchase more of, or pay more for, these Nature Valley products.

(FAC, ¶ 5.)

This sparse allegation of injury-in-fact does not meet the *Twombley* and *Iqbal* pleading standard. As discussed above, factual allegations must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" in order to "raise a right to relief above the speculative level." *Twombley*, 127 S. Ct. at 1964-1965.

Similarly, plaintiff's request for injunctive relief fails to meet the current pleading standard. It is undisputed that at the time plaintiff filed her complaint defendant's products no longer contained HFCS. As a result, defendant argues that there is no basis for injunctive relief. Although plaintiff concedes that she has not alleged that deceptive conduct/fraudulent advertising under the CLRA[3] is likely to recur, she contends that further amendment to the complaint would cure this deficiency. Specifically, plaintiff intends the amendment to allege that the offending practice is likely to recur. Based on her concession, plaintiff's CLRA claim is subject to dismissal as to her request for injunctive relief. Although it appears unlikely that plaintiff will be able to make the factual allegation concerning the likelihood of recurrence under *Iqbal* and Federal Rule of Procedure 11, dismissal of the request for injunctive relief is without prejudice. Defendant further argues that plaintiff has not asserted an untrue or misleading advertising claim under the FAL or a fraudulent business practice under the UCL because all she alleges is that members of the public were likely to have been deceived and likely made their

---

[3] Plaintiff seeks only injunctive relief under the CLRA. BUS. & PROF. CODE § 1750.

purchases on the basis that "100% Natural" would not include a highly processed ingredient such as HFCS. The Court agrees that the allegations are inadequate under *Twombley*.

Additionally, the CLRA prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale . . . of goods or services to any consumer," CAL. CIV. CODE § 1770; the UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and "unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF.CODE § 17200. Rule 9(b)'s particularity requirement applies to these state-law causes of action. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-1005 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

"The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. (Citation omitted). . . . As our Supreme Court put it, section 17200 'borrows' violations of other laws and treats them as unlawful practices independently actionable under section 17200 *et seq.*" *The Application Group, Inc. v. The Hunter Group, Inc.,* 61 Cal. App.4th 881, 906,  72 Cal. Rptr.2d 73, 89 (1998) (citing *Saunders v. Superior Court*, 27 Cal. App.4th 832, 838-839, 33 Cal.Rptr.2d 438 (1994)). A plaintiff alleging unfair business practices under section 17200 "must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California*, 14 Cal. App.4th 612, 619, 17 Cal.Rptr.2d 708, 712 (1993).

Here, plaintiff has not pleaded fraud with the requisite particularity under Rule 9(b) or the facts supporting the elements of the violations under section 17200. This is not to suggest that plaintiff cannot adequately plead her state law claims based on fraudulent conduct but only that she has not done so in her FAC.

In sum, plaintiff's FAC does not meet the pleading standard of *Twombley* or *Iqbal*, or Rule 9(b) where the state law claims are based on fraudulent acts. Accordingly, the Court will dismiss the FAC without prejudice and plaintiff may file a second amended complaint.

///

**C.  Motion to Strike**

Defendant's alternative motion to strike is denied as moot.

**D.  Conclusion**

Based on the foregoing, **IT IS ORDERED**:

1. Defendant's motion to dismiss the FAC is **DENIED** with respect to federal preemption and the primary jurisdiction doctrine and is **GRANTED** without prejudice for failure to state a claim under the Federal Rules of Civil Procedure;

2. Defendant's motion to strike is **DENIED AS MOOT**;

3. The request for judicial notice is **GRANTED**;

4. If plaintiff intends to file a second amended complaint, she must do so within 30 days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: September 30, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL